IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:  ASBESTOS LITIGATION: | ) | |
| | ) | |
| FREDERICK SEITZ and MARY | ) | |
| LOUISE SEITZ, his wife | ) | |
| his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. |
| | ) | |
| -vs.- | ) | |
| | ) | |
| ADEL WIGGINS GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NORTHROP GRUMMAN CORPORATION'S NOTICE OF REMOVAL
OF ACTION FROM DELAWARE SUPERIOR COURT**

TO THE JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Northrop Grumman Corporation ("Northrop Grumman"), pursuant to 28 U.S.C. §§ 1331, 1332, 1442(a)(1), and 1446, hereby removes the above-styled action, which was initially filed in the Superior Court of the State of Delaware In And For New Castle County bearing Case No. 08C-04-247 ASB, to the United States District Court for the District of Delaware.  Removal to this Court is appropriate under the federal officer removal statute and on the ground that Plaintiffs' claims involve a federal question.  The grounds for removal are more particularly stated as follows:

1.  On April 25, 2008, Plaintiffs Frederick Seitz and his wife Mary Louise Seitz filed their Complaint in the Superior Court of Delaware, in and for New Castle County, naming Northrop Grumman as one of the defendants.  Northrop Grumman was served with the Complaint on May 13, 2008, a copy of which is attached hereto as Exhibit "A."

2. Plaintiffs' Complaint alleges that Frederick Seitz was exposed to asbestos and asbestos-containing products that were mined, manufactured, distributed, sold, licensed, leased, installed, removed and/or used by the thirty (30) defendant corporations. The Complaint contains vague and general allegations that Mr. Seitz was exposed to asbestos from a variety of aircraft mechanical asbestos containing products between 1944 to 1970 while employed as an electrician apprentice, mechanic, and pilot with various employers, including the United States Marine Corps ("USMC").

3. The Complaint does not contain the name, type or class of product to which the Plaintiffs were allegedly exposed, or which Northrop Grumman allegedly manufactured, distributed or sold. The Complaint fails to identify where and to which of Northrop Grumman's products Plaintiffs were allegedly exposed, and it fails to state a specific time period when the alleged exposure to a Northrop Grumman product occurred.

4. Plaintiffs' Complaint was unclear as to the extent of Mr. Seitz's work history at the USMC air bases in Cherry Point and New River, North Carolina and responsibilities regarding same, noting only that Mr. Seitz was a "mechanic and pilot" in the USMC.

5. Plaintiffs' Answers to Standard Form Interrogatories and Standard Form Request for Production, filed on June 4, 2008 provided more detailed information as to product identification and exposure history. For instance, the attached work history forms of Mr. Seitz provide details as to the types of aircraft Mr. Seitz worked on while he was in the USMC. A true and correct copy of Plaintiffs' Answers to Standard Form Interrogatory Responses and Referenced Employment and Work Histories are attached hereto as Exhibit "B."

6. Mr. Seitz was deposed on June 10-11, 2008. During his deposition, Mr. Seitz identified US military aircraft he maintained and flew, including those he maintains were manufactured by Northrop Grumman. He also identified various US military aircraft carriers on

which he served.  (Because Mr. Seitz's deposition was just concluded less than 24 hours before this filing, a transcript is not yet available for attaching to this Notice.)

7.   Mr. Seitz testified all maintenance he performed on the military aircraft allegedly manufactured by Northrop Grumman, all flight time on military aircraft allegedly manufactured by Northrop Grumman and all time spent on United States aircraft carriers allegedly manufactured by Northrop Grumman resulted from specific orders of his superiors in the USMC. He also testified that, as a mechanic in the USMC, he followed Erection and Maintenance Instruction Manuals, among others, which provided him specific instructions as to how to maintain the aircraft and specified which replacement parts could be used.  These manuals were issued and distributed by the United States Government.  *See* Exhibits DF1, DF2 and DF3 from Mr. Seitz's Deposition, attached hereto as Exhibit "C."

8.   For more than a century, Northrop Grumman has designed, built, and repaired a wide variety of aircraft and aircraft carriers for the United States military.  These aircraft and aircraft carriers, and each of their parts, are designed and built in accordance with United States military specifications.

9.   As such, Plaintiffs' discovery responses served as notice that this is a civil action which may be removed pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute, and § 1441(b), claims involving a federal question.

10. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that the notice of removal shall be filed within thirty (30) days after receipt by the Defendant, by service or otherwise, of a paper from which it may first be ascertained that the case is one which is or has become removable.

11. This action is one which may be removed to this Court by Northrop Grumman on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

12. Northrop Grumman, if it is deemed to be a proper party, is entitled to rely on the federal officer removal statute because: (1) Northrop Grumman was acting under the direction of a federal officer or agency; (2) Northrop Grumman has colorable federal defenses arising out of its duties to the federal government; and (3) Northrop Grumman will demonstrate that there is a causal connection between the acts they performed under color of federal office and Plaintiffs' allegations in the case at bar. *See Mesa v. California*, 489 U.S. 121, 109 S. Ct. 953, 103 L. Ed.2d 99 (1989).

13. Plaintiffs base their claims against Northrop Grumman on alleged exposure to asbestos by Mr. Seitz while working on products manufactured, sold or distributed by Northrop Grumman. On information and belief, to the extent that the design or manufacture of these products included asbestos-containing parts or components, such inclusion was explicitly and directly required by the United States Government in its detailed and precise specifications through and under the discretion of the Secretaries of the Departments of Defense and the United States Navy. Any decision regarding asbestos in these products was under the full control and discretion of the United States Government. *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d at 155-157 (citing *Freeberg v. Swinerton & Walberg Prop. Servs.*, 245 F. Supp. 2d 1144 (D. Colo. 2002)).

14. Northrop Grumman, if it is deemed to be a proper party, is entitled to rely on the government contractor defense (also referred to as the military contractor defense), which was developed from the principle of sovereign immunity. This defense has also been described as derivative sovereign immunity. This defense is uniquely federal in nature and thus displaces state law and is governed by federal common law. *Boyle v. United Tech. Corp.*, 487 U.S. 500, 505 and 505 n.1, 108 S. Ct. 2510, 2514-15 and 2515 n.1 (1988) ("Another area that we have found to be of peculiarly federal concern, warranting the displacement of state law, is the civil liability of federal officials for actions taken in the course of their duty. We have held in many contexts that the scope of that liability is controlled by federal law. . . . [T]he liability of

independent contractors performing work for the Federal Government, like the liability of federal officials, is an area of uniquely federal interest."); *Yearsly v. Ross Constr. Co.*, 309 U.S. 18, 60 S. Ct. 413, 84 L. Ed. 554 (1940). *See also Zinck v. ITT Corp.*, 690 F. Supp. 1331, 1333 (S.D.N.Y. 1988) ("When a contractor acts under the authority and direction of the United States, it shares in the immunity enjoyed by the Government. . . . The application of this principle in a military context is even more sound because the government contractor defense serves not only the historic purpose, but it promotes and protects both the separation of powers and the military procurement process.").

15. The government contractor defense results in preemption of Plaintiffs' claims and shields Northrop Grumman from any liability for injuries arising from any exposure to asbestos while maintaining or piloting USMC aircrafts or serving on the aircraft carriers. *See Boyle*, 487 U.S. at 505-06, 108 S. Ct. at 2514-15; *Yearsly*, 309 U.S. at 20-21, 60 S. Ct. at 414 ("[I]t is clear that if [the] authority to carry out the project was validly conferred, that is, if what was done was within the Constitutional power of Congress, there is no liability on the part of the contractor for executing its will."); *City of Worcester v. HCA Mgmt Co.*, 753 F. Supp. 31, 37-38 (D. Mass. 1990) ("The Supreme Court has long held that, pursuant to sovereign immunity, a private company which contracts with the federal government to perform the duties of the government will not be held liable for its actions on behalf of the government."). If it is deemed to be a proper party, Northrop Grumman can prove that it followed detailed instructions and specifications provided by the United States military, including the USMC and/or the United States Navy, and the services it performed conformed to those instructions and specifications.

16. The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405; 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1960).

17. Because Northrop Grumman satisfies the requirements for removal under 28 U.S.C. § 1442(a), it is entitled to remove this entire action.

18. Northrop Grumman is not required to notify and obtain consent of any other defendant in the action in order to remove Plaintiffs' action as a whole under 28 U.S.C. § 1442(a)(1) because the statute is jurisdictional in nature. *Ely Valley Mines Inc. v. Hartford Accident Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *National Audubon Society v. Department of Water & Power of the City of Los Angeles*, 496 F. Supp. 499, 509 (E.D. Cal. 1980).

19. Northrop Grumman is also entitled to remove this case on the basis of federal question pursuant to § 1331 because Plaintiffs' claims arise under the laws of the United States, as explained in *Yearsly* and *Boyle*.

20. Whether Plaintiffs have stated a cause of action under which a military contractor can be liable or whether such claims are preempted is a uniquely federal issue that invokes this Court's jurisdiction pursuant to § 1331. *See Boyle*, 487 U.S. at 505, 108 S. Ct. at 2514-15.

21. Should Plaintiffs file a Motion to Remand this case, Northrop Grumman respectfully requests an opportunity to respond more fully in writing, including the submission of affidavits and authorities.

22. Northrop Grumman reserves the right to amend or supplement this Notice of Removal.

23. Northrop Grumman reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all parties and filed with the Prothonotary of the Superior Court of the State of Delaware, in and for New Castle County.

25.    A Notice of Tag-Along Action, identifying the coordinated pre-trial proceedings in the Eastern District of Pennsylvania (In Re Asbestos Products Liability Litigation, MDL Docket No. 875), to which this case may be transferred, will be filed with this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Northrop Grumman Corporation notes the removal of this action to this Court on the 12th day of June, 2008.

ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.

/s/ *Penelope B. O'Connell*

_____
Penelope B. O'Connell (DE #4898)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
(302) 428-3181


Nancy Shane Rappaport (DE #3428)
DLA Piper US LLP
1650 Market Street, Suite 4900
Philadelphia, PA 19103
(215) 656-3357

Attorneys for Defendant
Northrop Grumman Corporation

Date:  June 12, 2008

# Exhibits to the Notice of Removal

# EXHIBIT
# A

EFiled:  Apr 25 2008  4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

SUMMONS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:                    :

FREDERICK SEITZ and                            :       C.A. No.  08C-04-247 ASB
MARY LOUISE SEITZ, his wife
                                               :       COMPLAINT
        Plaintiffs,
                                               :       NEW CASTLE COUNTY

                                               :       ASBESTOS
            v.
                                               :       JURY TRIAL DEMANDED

                                               :
ADEL WIGGINS GROUP;
                                               :
AEROJET-GENERAL CORPORATION;                   :

AIR COOLED MOTORS;                             :

BELL HELICOPTER TEXTRON INC.;                  :

THE BOEING COMPANY;                            :

CBS CORPORATION (f/k/a Viacom Inc.,            :
successor by merger to CBS Corporation,        :
f/k/a Westinghouse Electric Corporation);      :

CESSNA AIRCRAFT RHODE ISLAND                   :
INC.;                                          :

CURTISS-WRIGHT CORPORATION;                    :

FLETCHAIR, INC.;                               :

FRANKLIN AIRCRAFT ENGINES, INC.;               :

GARLOCK SEALING TECHNOLOGIES                   :
LLC (successor by merger to Garlock, Inc.);    :

GENERAL ELECTRIC COMPANY;                      :

GENERAL MOTORS CORPORATION;                    :

{00115603.DOC}

GOODRICH CORPORATION, A NEW          :
YORK CORPORATION (f/k/a B.F.         :
Goodrich Company);                   :

THE GOODYEAR TIRE & RUBBER           :
COMPANY;                             :

HAWKER BEECHCRAFT, INC.              :
(f/k/a Raytheon Aircraft Company);   :

HONEYWELL INTERNATIONAL INC.         :
(f/k/a Alliedsignal, Inc., as  successor-in-  :
interest to The Bendix Corporation);  :

IMO INDUSTRIES INC.;                 :

LYCOMING ENGINES;                    :

NORTHROP GRUMMAN                     :
CORPORATION;                         :

PARKER-HANNIFIN CORPORATION;         :

PRATT & WHITNEY                      :
ROCKETDYNE, INC. (f/k/a Pratt &      :
Whitney Aircraft Company);           :

RAYTHEON COMPANY;                    :

ROLLS-ROYCE NORTH AMERICA INC;       :

SIKORSKY AIRCRAFT CORPORATION;       :

TELEDYNE CONTINENTAL MOTORS          :
INC.,                                :

TEXTRON INC.;                        :

UNION CARBIDE CORPORATION;           :

UNITED TECHNOLOGIES                  :
CORPORATION;                         :

VOUGHT AIRCRAFT                      :
INDUSTRIES, INC.;                    :

   Defendants.        :

{00115603.DOC}

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon A. Dale Bowers, Esquire, #3932, Plaintiffs' attorney, whose address is 1225 North King Street, Ste.1200, Wilmington, DE 19801, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: 5|5|08

SHARON AGNEW
Prothonotary

Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
Prothonotary

Per Deputy

{00115603.DOC}

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Apr 25 2008  4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

COUNTY :  N   K   S  CIVIL ACTION NUMBER: _____

08C-04-247 ASB

| Caption: | CIVIL CASE CODE:  ASB |
|---|---|
| FREDERICK SEITZ and MARY LOU SEITZ, his wife | CIVIL CASE TYPE:  Asbestos |
| Plaintiffs, | Name and Status of Party filing document: |
| v. | Plaintiff |
| ADEL WIGGINS GROUP, et al. | Document Type: (E.G. COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| Defendants. | ORIGINAL COMPLAINT |
| | JURY DEMAND ___x___  YES ___  NO |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| Joseph J. Rhoades; A. Dale Bowers, Esq. | |
| ATTORNEY ID(S):<br>DE BAR ID# 2064; 3932 | |
| FIRM NAME: | |
| LAW OFFICE OF JOSEPH J. RHOADES | EXPLAIN THE RELATIONSHIP(S): |
| ADDRESS: | |
| 1225 North King Street, 12 Floor | |
| Wilmington, DE  19801 | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| (302) 427-9500 | |
| FAX NUMBER: | |
| E-MAIL ADDRESS: | |
| Dale.Bowers@RhoadesLegal.com | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

REVISED 9/2003

{00115521.DOC}

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

IN RE: ASBESTOS LITIGATION:  :

FREDERICK SEITZ and  :
MARY LOUISE SEITZ, his wife  :

    Plaintiffs,  :

        v.  :

ADEL WIGGINS GROUP;  :

AEROJET-GENERAL CORPORATION;  :

AIR COOLED MOTORS;  :

BELL HELICOPTER TEXTRON INC.;  :

THE BOEING COMPANY;  :

CBS CORPORATION (f/k/a Viacom Inc.,  :
successor by merger to CBS Corporation,  :
f/k/a Westinghouse Electric Corporation);  :

CESSNA AIRCRAFT RHODE ISLAND  :
INC.;  :

CURTISS-WRIGHT CORPORATION;  :

FLETCHAIR, INC.;  :

FRANKLIN AIRCRAFT ENGINES, INC.;  :

GARLOCK SEALING TECHNOLOGIES  :
LLC (successor by merger to Garlock, Inc.);  :

GENERAL ELECTRIC COMPANY;  :

GENERAL MOTORS CORPORATION;  :

GOODRICH CORPORATION, A NEW  :
YORK CORPORATION (f/k/a B.F.  :
Goodrich Company);  :

THE GOODYEAR TIRE & RUBBER  :

C.A. No. 08C-04-247 ASB

COMPLAINT

ASBESTOS

JURY TRIAL DEMANDED

{00115286.DOC}

COMPANY;                                          :

HAWKER BEECHCRAFT, INC.                            :
(f/k/a Raytheon Aircraft Company);                 :
                                                   :
HONEYWELL INTERNATIONAL INC.                       :
(f/k/a Alliedsignal, Inc., as successor-in-        :
interest to The Bendix Corporation);               :

IMO INDUSTRIES INC.;                               :
                                                   :
LYCOMING ENGINES;                                  :
                                                   :
NORTHROP GRUMMAN                                   :
CORPORATION;                                       :
                                                   :
PARKER-HANNIFIN CORPORATION;                       :
                                                   :
PRATT & WHITNEY                                    :
ROCKETDYNE, INC. (f/k/a Pratt &                    :
Whitney Aircraft Company);                         :
                                                   :
RAYTHEON COMPANY;                                  :
                                                   :
ROLLS-ROYCE NORTH AMERICA INC; :
                                                   :
SIKORSKY AIRCRAFT CORPORATION;:

TELEDYNE CONTINENTAL MOTORS,                        :
INC.,                                              :
                                                   :
TEXTRON INC.;                                      :
                                                   :
UNION CARBIDE CORPORATION;                         :
                                                   :
UNITED TECHNOLOGIES                                :
CORPORATION;                                       :
                                                   :
VOUGHT AIRCRAFT                                    :
INDUSTRIES, INC.;                                  :
                                                   :
        Defendants.                                :
        - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

Come now Plaintiffs, FREDERICK SEITZ and MARY LOUISE SEITZ, by and through their attorneys, THE LAW OFFICE OF JOSEPH J. RHOADES and LEVY PHILLIPS & KONIGSBERG LLP, and in support of their claims against the Defendants, state as follows:

1.     Plaintiff FREDERICK SEITZ's full name is FREDERICK HENRY SEITZ. He was born on May 20, 1929 and his Social Security number is 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.

2.     Plaintiff FREDERICK SEITZ and his wife MARY LOUISE SEITZ have resided at 2815 Sage Street, Colorado Springs, Colorado 80907 since approximately 1985. FREDERICK SEITZ's former residences include but are not limited to: 15190 E. Coachman, Colorado Springs, Colorado from approximately 1977 to 1985; in or around Fargo, North Dakota in approximately 1975; in or around Jamestown, North Dakota from approximately 1974 to 1975; 306 Lake Shore Drive, Lakeville, Minnesota from approximately 1969 to 1974; in or around Kansas City, Missouri from approximately 1967 to 1969; Palo Circle, Arbutus, Maryland from approximately 1966 to 1967; Marine Corps Air Base, New River, North Carolina in approximately 1965; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1961 to 1964; in or around Quantico, Virginia in approximately 1961; Wellham Avenue, Glen Burnie, Maryland from approximately 1960 to 1961; Marine Corps Air Base, New River, North Carolina from approximately 1957 to 1959; Ellyson Field, Florida in approximately 1957; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1955 to 1957; in or around Pensacola, Florida from approximately 1952 to 1955; 239 Meadow Road, Baltimore, Maryland from approximately 1951 to 1952; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1950 to 1951; in or around Pensacola, Florida from approximately 1949 to 1950; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1947 to

1948; in or around Woodbridge, Virginia from approximately 1946 to 1947; in or around Paris Island, South Carolina in approximately 1946; 317 Edison Street, Brooklyn Park, Maryland from approximately 1936 to 1946; in or around Brooklyn, Maryland from approximately 1934 to 1936; East of Patterson Park, Baltimore, Maryland  from approximately 1931 to 1934; and Bradley Alley, Baltimore, Maryland from approximately 1929 to 1931. Additionally, FREDERICK SEITZ was deployed to various locations overseas during the Korean and Vietnam wars.

3.    FREDERICK SEITZ was employed at Central Arizona Aviation, located at Falcon Field, Mesa, Arizona,  as a Supervisor and Manager from approximately 1986 to 1988; at IDS, located at 2345 N. Academy, Colorado Springs, Colorado, as an Investment Advisor from approximately 1977 to 1981; at Dakota Bake and Serve, located in Jamestown, North Dakota, as an Executive Staff Chief Pilot, Aircraft Maintenance and Support from approximately 1974 to 1976; at Imperial Airways, located in St. Paul, Minnesota as an Executive Vice President from approximately 1969 to 1973; at Bell Helicopter, located in Kansas City, Missouri as a Commercial Regional Marketing Manager, from approximately 1967 to 1969; in the United States Marine Corps, at the various previously listed locations, as a Mechanic and Pilot, from approximately 1946 to 1967; and in the United States Coast Guard, located at the Curtis Bay Coast Guard Station, Baltimore, Maryland as an Electrician Apprentice in approximately 1944.

4.    Plaintiff FREDERICK SEITZ attended Aviation Mechanical School training program, Quantico, Virginia in approximately 1946. Plaintiff's Aviation and Mechanical training included complete maintenance and repair of United States Marine Corps aircrafts, including but not limited to replacing and repairing brakes, gaskets, wiring, engines and fire sleeving.

5.      One or more defendants are citizens of the State of Delaware, and this action is not properly removable on any jurisdictional basis.

6.      Defendant Adel Wiggins Group is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Adel Wiggins Group's address for receipt of process is Attn: Officer/Agent, 5000 Triggs Street, Los Angeles, CA 90022.

7.      Defendant Aerojet – General Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.      Defendant Air Cooled Motors is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Air Cooled Motor's address for receipt of process is 94 Hale Drive, Walterboro, SC 29488.

9.      Defendant Bell Helicopter Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.     Defendant The Boeing Company is a Delaware corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

11.     Defendant CBS Corporation (f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation) is a Delaware corporation whose

{00115286.DOC}

registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

12.    Defendant Cessna Aircraft Rhode Island Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.    Defendant Curtiss-Wright Corporation a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.    Defendant FletchAir, Inc., is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. FletchAir, Inc.'s address for receipt of process is Attn: Officer/Agent, 118 FM 1621, Comfort, TX 78013-3425.

15.    Defendant Franklin Aircraft Engines, Inc. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Franklin Aircraft Engines, Inc.'s address for receipt of process is Attn: Officer/Agent, Ft. Collins, CO 80524.

16.    Defendant Garlock Sealing Technologies LLC (successor by merger to Garlock, Inc.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.    Defendant General Electric Company is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware

is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18.    Defendant General Motors Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19.    Defendant Goodrich Corporation, A New York Corporation, (f/k/a B.F. Goodrich Company) is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

20.    Defendant The Goodyear Tire & Rubber Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

21.    Defendant Hawker Beechcraft, Inc. (f/k/a Raytheon Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.    Defendant Honeywell International Inc. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

23.    Defendant IMO Industries Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

{00115286.DOC}

24.    Defendant Lycoming Engines is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware. Lycoming Engines' address for receipt of process is Attn: Officer/Agent, 652 Oliver Street, Williamsport, PA 17701.

25.    Defendant Northrop Grumman Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

26.    Defendant Parker-Hannifin Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

27.    Defendant Pratt & Whitney RocketDyne, Inc. (f/k/a Pratt & Whitney Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

28.    Defendant Raytheon Company is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

29.    Defendant Rolls-Royce North America Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

30.     Defendant Sikorsky Aircraft Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

31.     Defendant Teledyne Continental Motors, Inc. is a Delaware corporation whose registered agent for service of process is National Corporate Research, Ltd. located at 615 South DuPont Highway, Dover, DE 19901.

32.     Defendant Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

33.     Defendant Union Carbide Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

34.     Defendant United Technologies Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

35.     Defendant Vought Aircraft Industries, Inc. is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

36.     All Defendants herein were at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos and asbestos-containing products.[1]  They were also engaged in the

---

[1] Throughout this Complaint, Plaintiff's references to "asbestos containing products" includes asbestos, asbestos-

development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or

technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and

asbestos-containing products.

37.    FREDERICK SEITZ was wrongfully exposed to and inhaled, ingested or

otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, emanating from

certain products he was working with and around, as described below:

a. FREDERICK SEITZ was exposed to asbestos occupationally in the course of his
employment as an electrician apprentice, mechanic, and a pilot at the above listed
locations from approximately 1944 to 1970. He was exposed to asbestos from a
variety of aircraft mechanical asbestos containing products including but not limited
to: brakes, clamps, engines and engine parts, and gaskets.

b. FREDERICK SEITZ was exposed to asbestos non-occupationally (i.e. household
exposure) while performing maintenance and repair work on his own personal
aircrafts throughout his life. He was exposed to asbestos from a variety of aircraft
mechanical asbestos containing products including but not limited to: brakes, clamps,
engines and engine parts, and gaskets.

c. FREDERICK SEITZ may have been further exposed to asbestos in such a manner as
further investigation and/or discovery may uncover.

FREDERICK SEITZ was exposed to asbestos and asbestos-containing products which

were manufactured, sold, distributed, or installed by the Defendants: ADEL WIGGINS GROUP;

AEROJET-GENERAL CORPORATION; AIR COOLED MOTORS; BELL HELICOPTER

TEXTRON INC.; THE BOEING COMPANY; CBS CORPORATION (f/k/a Viacom Inc.,

successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation); CESSNA

AIRCRAFT RHODE ISLAND INC.; CURTISS-WRIGHT CORPORATION; FLETCHAIR,

INC.; FRANKLIN AIRCRAFT ENGINES, INC.; GARLOCK SEALING TECHNOLOGIES

LLC (successor by merger to Garlock, Inc.); GENERAL ELECTRIC COMPANY; GENERAL

---

containing products, products designed to be used with asbestos-containing products, and/or products that it was
foreseeable would be used with asbestos-containing products.

{00115286.DOC}

MOTORS CORPORATION; GENUINE PARTS COMPANY; GOODRICH CORPORATION,

A NEW YORK CORPORATION (f/k/a B.F. Goodrich Company); THE GOODYEAR TIRE &

RUBBER COMPANY; HAWKER BEECHCRAFT, INC. (f/k/a Raytheon Aircraft Company);

HONEYWELL INTERNATIONAL INC. (f/k/a Alliedsignal, Inc., as successor-in-interest to

The Bendix Corporation); IMO INDUSTRIES INC.; LYCOMING ENGINES; NORTHROP

GRUMMAN    CORPORATION;    PARKER-HANNIFIN    CORPORATION;    PRATT    &

WHITNEY ROCKETDYNE, INC. (f/k/a Pratt & Whitney Aircraft Company); RAYTHEON

COMPANY; ROLLS-ROYCE  NORTH  AMERICA  INC;  SIKORSKY  AIRCRAFT

CORPORATION; TELEDYNE CONTINENTAL MOTORS, INC.; TEXTRON INC.; UNION

CARBIDE CORPORATION; UNITED TECHNOLOGIES CORPORATION; and VOUGHT

AIRCRAFT INDUSTRIES, INC.

38.    At all times herein set forth, the Defendants' products were being employed in the

manner and for the purposes for which they were intended.

39.    FREDERICK SEITZ's exposure to and inhalation, ingestion or absorption of

asbestos fibers emanating from the use of the above-mentioned products was completely

foreseeable and could or should have been anticipated by the Defendants.

40.    The Defendants knew or should have known that the asbestos fibers contained in

their products and/or the products with which their products were designed to be used had a

toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or

otherwise absorbing them.

41.    FREDERICK SEITZ suffers from an asbestos-related disease(s), including but

not limited to mesothelioma. FREDERICK SEITZ first became aware that he suffered from said

disease(s) in approximately March of 2008 and subsequently thereto, became aware that the

{00115286.DOC}

same was wrongfully caused.  As a result of developing mesothelioma, FREDERICK SEITZ has

endured and continues to endure great physical pain and suffering, mental anguish and emotional

pain and suffering.  Further, as a result of Defendants' wrongful conduct, FREDERICK SEITZ is

required to receive and receives medical treatment to mitigate his asbestos related disease,

incurring reasonable and necessary costs for medical care, diagnosis and treatment.

## COUNT I

## NEGLIGENCE

42.     The allegations in paragraphs One (1) through Forty One (41) above are realleged

and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon

the substantive law of the State of North Carolina or such law as the Court holds to be

applicable.

43.     At all times herein relevant, the Defendants had a duty to exercise reasonable care

and caution for the safety of FREDERICK SEITZ and others working with and around the

Defendants' asbestos containing products.

44.     The Defendants knew or should have known that the asbestos fibers contained in

their products had a toxic, poisonous, and highly deleterious effect upon the health of persons

inhaling, ingesting or otherwise absorbing them.

45.     The Defendants were negligent in that they failed to exercise ordinary care and

caution for the safety of FREDERICK SEITZ in one or more of the following respects:

     a.     Included asbestos in their products, even though it was completely
           foreseeable and could or should have been anticipated that persons such as
           FREDERICK SEITZ, working with and around them would inhale, ingest
           or otherwise absorb asbestos;

     b.     Included asbestos in their products when the Defendants knew or should
           have known that said asbestos would have a toxic, poisonous and highly

{00115286.DOC}

deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.  Included asbestos in their products when adequate substitutes for the asbestos in them were available;

d.  Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.  Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with or around the products; and,

g.  Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

46.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, FREDERICK SEITZ was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing FREDERICK SEITZ to develop the asbestos disease aforesaid, which has disabled and disfigured FREDERICK SEITZ; FREDERICK SEITZ has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; and FREDERICK SEITZ has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions.

## COUNT II

## WILLFUL AND WANTON CONDUCT

47.     The allegations in paragraphs One (1) through Forty Six (46) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

48.     The Defendants had a duty to refrain from willful and wanton acts or omissions which would harm FREDERICK SEITZ.

49.     Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

a.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ working with or around their products, would inhale, ingest or otherwise absorb asbestos;

b.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when adequate substitutes for the asbestos in them was available;

d.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

e.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

{00115286.DOC}

f.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with and around the products;

g.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of FREDERICK SEITZ and others similarly situated;

h.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to take adequate steps to remedy the above failures, including but not limited to (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place; and,

i.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

50.    As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

51.    In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

{00115286.DOC}

## COUNT III

## STRICT PRODUCT LIABILITY

52.     The allegations in paragraphs One (1) through Fifty One (51) above are realleged and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

53.     The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

54.     When their asbestos and asbestos-containing products left the Defendants' possession and were placed on the market they were defective in that, when used in the intended or reasonably foreseeable manner, they were not reasonably safe for their intended use, they failed to perform as safely as would be expected by an ordinary user or consumer and/or created a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

55.     As a direct and proximate result of using Defendants' asbestos and asbestos containing products for the general purpose for which they were designed and intended, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

## COUNT IV

## LOSS OF CONSORTIUM

56.     The allegations in paragraphs One (1) through Fifty Five (55) above are realleged and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

{00115286.DOC}

57.    Plaintiff FREDERICK SEITZ is married to Plaintiff MARY LOUISE SEITZ. As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related disease and problems, Plaintiff MARY LOUISE SEITZ has suffered and will continue in the future to suffer a loss of the support, consortium and society of her husband, together with related mental anguish and pain and suffering.

**WHEREFORE,** Plaintiffs FREDERICK SEITZ and MARY LOUISE SEITZ pray this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $100,000; and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115286.DOC}

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION          :          08C-04-247 ASB
77C-ASB-2

### NOTICE TO DEFENDANTS
### PURSUANT TO AMENDED STANDING ORDER NO. 1

TO:    Defendant

   **TAKE NOTICE** that you have been served with a Complaint joining you as a party to an asbestos personal injury/product liability law suit filed in this Court. The matter is governed procedurally by this Court=s Civil Rules and by the laws, rules, and procedures for civil litigation in this State. Additionally, asbestos litigation matters are governed by a series of Standing Orders, including Standing Order No. 1 which requires the service of this notice upon you. Pursuant to the laws, rules, procedures, and Standing Orders governing the matter in which you have been joined as a Defendant, you must answer or otherwise plead within a specified time period and you are immediately deemed responsible for proceeding as specified by the applicable laws, rules, procedures, and Standing Orders applicable to asbestos litigation matters.

   Defense efforts in asbestos litigation matters in this jurisdiction are coordinated by Standing Order directives. If you are not familiar with the laws, rules, procedures, and Standing Orders governing asbestos litigation matters in this jurisdiction, you are directed to contact Defense Coordinating Counsel for copies of existing and applicable Standing Orders, forms, and the like. You may contact Defense Coordinating Counsel as follows:

Loreto P. Rufo
Rufo Associates, PA
Hockessin Village Center
7217 Lancaster Pike, Suite F
Hockessin, Delaware 19707
*

Telephone: 302-234-5900
Facsimile: 302-234-5905
*

/s/ *David A. White*
David A. White
Commissioner

October 13, 2006

{00115669.DOC}

# EXHIBIT
# B

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

```
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                        :
IN RE: ASBESTOS LITIGATION:             :     C.A. No. 08C-04-247 ASB
                                        :
FREDERICK SEITZ and                     :
MARY LOUISE SEITZ, his wife             :
                                        :     ASBESTOS
         Plaintiffs,                    :
                                        :     JURY TRIAL DEMANDED
             v.                         :
                                        :
ADEL WIGGINS GROUP, et al.,             :
                                        :
         Defendants.                    :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - -X
```

## PLAINTIFFS' ANSWERS TO INTERROGATORIES DIRECTED TO PLAINTIFFS BY ALL DEFENDANTS AND RESPONSE TO REQUEST FOR PRODUCTION

### Preamble

Counsel for Plaintiff have provided and/or will provide all Documents and Exhibits to Defense Coordinating Counsel pursuant to Standing Order No. 1. These Documents and Exhibits are also available for review at Plaintiff's Counsel's office.

A.   **Personal History**

Q1.   State all names by which you have been known; the date and place of your birth; occupation; social security number; height; weight; color of hair and eyes; and the number of any motor vehicle operator's license held in the State of Delaware or any other state.

A1:   Name:                 Frederick Seitz
      Date of Birth:        May 20, 1929
      Occupation:           Retired
      Soc. Sec. No:         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
      Height:               5' 7"
      Weight:               143 lbs
      Hair Color:           Blond
      Eye Color:            Blue
      Mot. Veh. Lic. No.:   922098246 (Colorado)

1

A2.  State the address of each place of residence that you have occupied from 1936 to date.

A2:  Approx 1985 – present:      2815 Sage Street
                                 Colorado Springs, CO 80907

     Approx 1977-1985:           15190 E. Coachman
                                 Colorado Springs, CO

     Approx 1975-1977:           Fargo, ND

     Approx 1974-1975:           Jamestown, ND

     Approx 1969-1974:           306 Lake Shore Drive
                                 Lakeville, MN

     Approx 1967-1969:           Kansas City, MO

     Approx 1966-1967:           Palo Circle
                                 Arbutus, MD

     Approx 1965-1966:           Marine Corp Air Station New River
                                 Jacksonville, NC

     Approx 1961-1965:           Marine Corp Air Station
                                 Cherry Point, NC

     Approx 1961:                Quantico, VA

     Approx 1960-1961:           Welham Avenue
                                 Glenburnie, MD

     Approx 1957-1960:           Marine Corp Air Station New River
                                 Jacksonville, NC

     Approx 1957:                Ellyson Field, FL

     Approx 1955-1957:           Marine Corp Air Station
                                 Cherry Point, NC

     Approx 1952-1955:           Pensacola, FL

     Approx 1951-1952:           239 Meadow Road
                                 Baltimore, MD

2

| | |
|---|---|
| Approx 1950-1951: | Marine Corp Air Station<br>Cherry Point, NC |
| Approx 1949-1950: | Pensacola, FL |
| Approx 1947-1949: | Marine Corp Air Station<br>Cherry Point, NC |
| Approx 1946-1947: | ~~Woodbridge, VA~~   *Quantico, VA* |
| Approx 1946: | Paris Island, SC |
| Approx 1936-1946: | 317 Edison Street<br>Brooklyn Park, MD |

Q3.   Are you married?  If yes, please state the name and present address of your spouse.

A3:   Mary Louise Seitz
2815 Sage Street
Colorado Springs, CO 80907

Q4.   If you have had any previous marriages, please state the name of any former spouse, and
state the date, place and circumstances under which the marriage or marriages were
dissolved or terminated.

A4:   Not Applicable

Q5.   Please state the name, ages and present address of your children.

A5:   Name:      Frederick Henry Seitz III
Age:       54
Address:   6530 Bull Hill Court
           Colorado Springs, CO 80919

      Name:      Teresa Ann Mongillo
      Age:       53
      Address:   2917 Center Drive
                 Ellicott City, MD 21042

      Name:      Walter Ashley Seitz
      Age:       52
      Address:   6535 Mesedge Drive
                 Colorado Springs, CO 80919

3

|          |          |                          |
|----------|----------|--------------------------|
| Name:    | Mathew Thomas Seitz      |
| Age:     | 50       |                          |
| Address: | 98-837 Leialii          |
|          |          | Aiea, HI 96701           |

|          |          |                          |
|----------|----------|--------------------------|
| Name:    | Elizabeth Catherine Seitz |
| Age:     | 44       |                          |
| Address: | 506 E. Liberty Street    |
|          |          | Charlestown, WV 25154    |

Q6.   If you have ever been a member of the Armed Forces of the United States, state the following:

    (a)    The branch of service, serial number, and highest rank held;

    (b)    The beginning and ending dates of your military service;

    (c)    The type of discharge you received;

    (d)    Whether you were given a physical examination which included x-rays prior to the time you entered service;

    (e)    Whether you received any injury while in the military services; and

    (f)    Whether you have claimed disability for any injury or physical condition arising out of your military service.

A6:    (a)    Branch:       United States Marine Corp

            Serial No.:    Officer No. 051463, Enlisted No. 616442

            Highest Rank: Major

    (b)    May 28, 1946 – October 1, 1967

    (c)    Honorable Discharge

    (d)    To the best of Plaintiff's recollection, No.

    (e)    No.

    (f)    Plaintiff objects to this interrogatory as being beyond the scope of discovery, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Yes.

Q7.   If you have had a claim arising out of your military service, state the date on which the claim was made, the nature of the claim, the claimed disability and the disability rating, if any, which you were given.

A7:   Plaintiff objects to this interrogatory as being beyond the scope of discovery, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Plaintiff made a claim to the Veterans Administration for mustard gas exposure which occurred in approximately 1951. The claim was made in the early 1990s around the time Plaintiff was diagnosed with having a skin melanoma in his arm. The Veterans Administration denied the claim.

Q8.   If you have ever been convicted of a felony or a crime involving dishonesty, state fully and in detail the date, place and nature of each such felony conviction.

A8:    Plaintiff objects to this interrogatory as being beyond the scope of discovery, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Plaintiff's criminal history, if any, does not include any conviction that would be admissible under Delaware Uniform Rules of Evidence 609.

Q9.    Give a brief summary of your education, including schools attended and the last year completed.

A9:    Glen Burnie Junior High School
       Graduated: 1944

       Glen Burnie High School
       Last Year Attended: 1946
       Received GED in approximately 1947/1948

       East Carolina Teachers College
       Last Year Attended: Approximately 1961

## B.    Employment Background

Q10.   State the names and address of each employer for whom you worked during the years 1936 to date, state as to each such employer the beginning and ending dates of employment, the nature of the business, the name and address of your direct supervisor, and your particular job function.

A10:   Plaintiff objects to providing the name and address of every direct supervisor at each site where Plaintiff worked as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Work History, attached as Exhibit A, as well as Plaintiff's Social Security earnings records (Documents SE 003-006), which Plaintiff will provide to Defense Coordinating Counsel. Plaintiff reserves the right to amend or supplement his answers to this Interrogatory as investigation, discovery and preparation for trial continues.

## C.    Product I.D. and Exposure History

Q11.   With respect to any products containing asbestos manufactured, packaged, furnished, supplied, or sold by each defendant named in this action that you claimed to have worked with or around, state the following for each defendant.
       (a)    The name of the product or products;
       (b)    The name of your employer at the time you worked with or around such product;
       (c)    The name and address of the plant where you worked with or around such products;

5

    (d)    The name and last known address of your immediate supervisor or job superintendent on such job;

    (e)    The name and last known address of all persons with whom you worked on such jobs; and,

    (f)    The approximate length of time that you worked on each such job.

A11:   Plaintiff objects to providing the name and address of every direct supervisor at each site where Plaintiff worked as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Work History, attached as Exhibit A, Plaintiff's Non-Occupational Exposure History, attached as Exhibit C, as well as Plaintiff's Social Security earnings records (Documents SE 003-006). Plaintiff reserves the right to amend or supplement his answers to this Interrogatory as investigation, discovery and preparation for trial continues.

Q12.   State fully and in detail each and every evidentiary fact upon which the alleged negligence or alleged liability of each defendant is based. As to each such fact, state:

    (a)    The identities, including names, business addresses, residential address, of each individual having knowledge of those facts;

    (b)    Identify each document which supports or tends to support the existence of such fact. Identify the document by briefly describing it, and by stating its present location and the name and full business address of the present custodian of the document.

A12:   Plaintiff objects to this Interrogatory as being overly broad and unduly burdensome. Subject to, and without waiving these objections, Plaintiff does not attempt to list "each and every evidentiary fact" establishing Defendants' liability, but rather generally sets forth those facts ascertained to date.

Upon information and belief, Plaintiff was exposed to Defendants' asbestos-containing products while working as an airplane and helicopter mechanic and pilot in the United States Marine Corps, private industry, and on personal aircraft. Plaintiff will give testimony concerning Plaintiff's use of Defendants' asbestos containing products, including the conditions under which the products were used, the types of work that were done with Defendants' asbestos containing products, Plaintiff's work practices while using the products, the lack of a mask or other safety devices for asbestos, and the lack of precautions to reduce or eliminate exposure to asbestos. Plaintiff may use documents showing the sale or shipment of Defendants asbestos containing products in order to further establish Plaintiff's exposure to such products.

Upon information and belief, Defendants failed to warn or inadequately warned Plaintiff about the hazards of exposure to Defendants' asbestos-containing products despite Defendants knowledge of the hazards of asbestos exposure. Plaintiff will introduce facts, through testimony, documents and prior court decisions, regarding the state of Defendants' knowledge of the dangers of asbestos exposure.

6

Further, Defendants engaged in willful, wanton, and reckless behavior. Plaintiff will introduce facts concerning the Defendant's ability to manufacture their products without asbestos. Plaintiff will introduce testimony and documents regarding safety precautions and practices of Defendants at their own plants and work sites at the time Defendants were failing to warn Plaintiff of the hazards of asbestos.

    (a)    Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving these objections, Plaintiff's family and treating physicians may have knowledge of facts relevant to this lawsuit. See also Plaintiff's Work History, attached as Exhibit A, Plaintiff's Non-Occupational Exposure History, attached as Exhibit C, and Plaintiff's Witness Lists, including any amendments or supplements thereto. Plaintiff reserves the right to supplement or amend this response as investigation, discovery and preparation for trial continues.

    (b)    Plaintiff has provided Defense Coordinating Counsel with authorizations to obtain Plaintiff's medical records. In addition, Plaintiff has provided Defense Coordinating Counsel with Plaintiff's medical records in Plaintiff's possession. See also Plaintiff's Exhibit Lists, including all amendments or supplements thereto. Plaintiff may also use any documents produced by Defendant in this matter. Additional exhibits will continue to be added to the existing exhibit lists. Plaintiff's counsel intends to use all the documents filed in the past, as well as subsequent new documents that will be filed in all other cases against the Defendants in this case, unless advised otherwise prior to trial. For discovery purposes, Defendants should be aware of all documents.

Q13.    For each asbestos containing product, material or mineral, manufactured, produced, prepared, distributed or sold by each defendant, state in detail for each such defendant:

    (a)    Which such product, material compound, etc. (hereinafter referred to as "product") you claimed to have come into contact with at any time from 1936 to the present;

    (b)    Describe separately and in detail each such product as fully as possible including the trade name, product type and product contents;

    (c)    The dates on which you came into contact with each such product, as listed in your answer to subpart (a) of this interrogatory, and state with which product or products you came into contact with on each such date;

    (d)    The name, address and telephone number of your employer and each date listed in subpart (c) above;

    (e)    The name, address and location of your place of employment or job site on each date listed in subpart (c) above;

    (f)    The address of your residence on each date listed in subpart (c) above;

    (g)    The type of work you were performing on each such date set forth in subpart (c) above;

    (h)    The present name, business address and telephone number, and residence address and telephone number of each person who witnessed you work on each date set forth in subpart (c) above;

(i)      All instructions, recommendations or warnings of any kind regarding each product listed in your answer to subpart (a) above that accompanied the product, i.e., printed on tag, tag covering or instructions sheet accompanying the product, etc., in verbatim or with as complete and accurate detail as is possible;

(j)      Any and all instructions or recommendations given to you regarding each product listed in your answer to subpart (a) above given by your employer or superior at any time, in verbatim or with as complete and accurate detail as is possible;

(k)      For what purpose you used each such product listed in your answer to subpart (a) above; and,

(l)      All literature that you, your attorneys, agents, or anyone acting in your behalf have received regarding each product listed in your answer to subpart (a) above to this interrogatory. Include in your answer the subject matter, document title and publication date of all such literature.

A13:    (a)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (b)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (c)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (d)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (e)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (f)      See Plaintiff's answers to Interrogatories 2 and 10-12.

         (g)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (h)      See Plaintiff's answers to Interrogatories 10-12.

         (i)      Unknown at this time.

         (j)      To the best of plaintiffs knowledge, none.

         (k)      See Plaintiff's answers to Interrogatories 10-12 as well as any depositions to be taken in this matter.

         (l)      Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects to the extent this Interrogatory calls for matters protected by the attorney work product privilege. Subject to, and without waiving these objections, see Plaintiff's Exhibit Lists and any supplements or amendments thereto.

Q14.   In regard to each and every other defendant named or to be named in this lawsuit, answer and provide all the information requested in Interrogatory No. 13 accordingly.

A14:   See Plaintiff's answer to Interrogatory 13.

Q15.  Did you ever work with or come in contact with asbestos products manufactured, sold, etc., by any other entity not named as a defendant in this lawsuit? If yes, identify each such entity and, with regard to same, answer fully and provide the information requested in Interrogatory No. 13 accordingly.

A15.  To the best of Plaintiff's knowledge and belief, Plaintiff did not work with or around asbestos products manufactured by companies who are not named as defendants in this suit, other than possibly certain entities that have sought protection under the United States bankruptcy laws. However, investigation continues and Plaintiff reserves the right to amend this response accordingly.

Q16.  With respect to each job on which you worked with or around asbestos products, state separately the following as to each such job:
   (a)   The name and address of the employer for whom you worked;
   (b)   The location of each job (stating the plant site, city, county and state);
   (c)   The beginning and ending dates of the job; and product containing asbestos with which you worked on the particular job and a general description of each such product.

A16.  See Plaintiff's Work History, attached as Exhibit A, Plaintiff's Non-Occupational Exposure History, attached as Exhibit C, Plaintiff's Social Security earnings records (SE 003-006), as well as any depositions to be taken in this matter.

Q17.  Are you able to state that you have not worked with or around asbestos products manufactured by companies who are not named defendants in this suit?

A17.  To the best of Plaintiff's knowledge and belief, Plaintiff did not work with or around asbestos products manufactured by companies who are not named as defendants in this suit, other than possibly certain entities that have sought protection under the United States bankruptcy laws. However, investigation continues and Plaintiff reserves the right to amend this response accordingly.

Q18.  Please list all past employers in whose employ you came into contact with asbestos or asbestos-containing materials. Include in you answer for each such employer:
   (a)   Name, address and telephone number;
   (b)   Job title and work description;
   (c)   Type and identity of each such asbestos material with which you had contact;
   (d)   Whether employer provided safety equipment so as to reduce or prevent harmful exposure to asbestos materials;
   (e)   Whether employer required that employees use safety equipment of the type referred to in subpart (d) above;
   (f)   Whether employer ever recommended that such safety equipment be used by its employees;
   (g)   Whether employer provided showers for employees;

9

    (h)    Whether employer provided separate lockers for both work and personal clothing; and,

    (i)    If company-sponsored physical examinations were required or made available. If so, please state:

        (i)    Whether required or optional;

        (ii)    Frequency of examination;

        (iii)    Nature and extent of examination;

        (iv)    Whether x-ray examination or respiratory or pulmonary examinations were included;

        (v)    Frequency with which you submitted to such examination when required or made available;

        (vi)    Your detailed reason for failing to submit to such examination when required or made available;

        (vii)    Results of each such examination; and,

        (viii)    Name, address and telephone number of examining physician, nurse or technician.

A18:    See Plaintiff's Work History, attached as Exhibit A, Plaintiff's Social Security earnings records (SE 003-006), as well as any depositions to be taken in this matter.

Q19.    Were you ever employed where your duties involved the tearing out of insulation which contained asbestos? If your answer is in the affirmative, please state for each such employment:

    (a)    Name, address and telephone number of employer;

    (b)    Name and location of job site;

    (c)    Dates of such employment period;

    (d)    Detailed job description and description of work methods and techniques; and,

    (e)    Whether or not respiratory safety equipment was:

        (i)    Required;

        (ii)    Made available to you; or

        (iii)    Recommended by employer.

A19:    Upon information and belief, No.

Q20.    Have you at any time during your lifetime ever used any device to reduce your possible exposure to, or inhalation of, asbestos dust or fiber? If your answer is in the affirmative, please state for each such device:

    (a)    The make, model and type;

    (b)    From whom it was received;

    (c)    Company or employer requirements regarding the use of such device;

    (d)    Company or employer recommendations regarding use of such device;

    (e)    Name, address and telephone number of document title, date and description of the source of such requirement or recommendation;

    (f)    Date and time of each period of use of such device; and,

    (g)      If you will do so without a motion to produce, please attach a copy of each writing evidences the requirements or recommendations referred to in subparts (c) and (d) of this interrogatory.

A20:    No.

Q21.    Did any of your employers ever suggest or recommend that you might or should use any device to reduce your possible exposure to or inhalation of asbestos dust or fibers? If your answer is in the affirmative, please state for each and every such employer:
    (a)      Name, address and telephone number;
    (b)      The date, time and place when each such suggestion or recommendation was made;
    (c)      The name, address and telephone number of each person present when such suggestion or recommendation was made to or received by you;
    (d)      The name, address and telephone number of each person receiving same or similar suggestion or recommendation;
    (e)      The exact wording and content of such suggestion or recommendation;
    (f)      Whether such suggestion or recommendation was written or oral, and;
        (i)      If written, please identify in detail each such writing; and,
        (ii)     If oral, please set forth all persons involved and details as to the manner in which each such suggestion or recommendation was presented.
    (g)      The type, make and model of each device referred to in each such suggestion or recommendation;
    (h)      The nature of any action , if any, taken by you in response to each such suggestion; and,
        (i)      Describe in detail your reasons for any response to such suggestions or recommendations other than full compliance thereto.

A21:    To the best of Plaintiff's recollection, No.

Q22.    At any time, did you receive, have knowledge of, or possess any advice, publication, warning, order, directive, requirement or recommendation, written or oral, which purported to:
    (a)      Warn or advise you of the possible harmful effects of exposure to, or inhalation of, asbestos or asbestos-containing products; or
    (b)      Advise or recommend as to techniques, methods or equipment which would serve to reduce or guard against such potentially harmful exposure?

A22:    No.

Q23.    If your answer to any part of Interrogatory No. 22 is in the affirmative, please state:
    (a)      The nature and exact wording of such advice, warning or recommendation;
    (b)      The complete identity of each source of such advice, warning or recommendation;
    (c)      The date, time, place , manner and circumstances when each such advice, warning or recommendation was given;

(d)    The name business address and telephone number, job title, residence address and telephone number of each and every witness to the plaintiff's reception of such advice, warning or recommendation; and,

(e)    The name, business address and telephone number, job title, residence address and telephone number of each and every co-worker or similar member of your trade and occupation who also received the same or similar advice, warning or recommendation.

A23:    Not applicable.

**D.    Smoking History**

Q24.    Do you smoke cigarettes, cigars or a pipe?

A24:    No.

Q25.    Have you ever smoked tobacco products of any type?

A25:    Yes.

Q26.    If your answer to Interrogatory No. 24 and/or 25 is in the affirmative, please state fully and in detail:

(a)    The type of tobacco products which you smoke or have smoked, that is, cigarettes, cigars, pipes, etc., stating whether you inhaled the smoke or not;

(b)    The daily frequency with which you smoke or have smoked same, e.g., two packages of cigarette daily, two pipefulls daily, etc.;

(c)    The dates and time periods during which you have smoked;

(d)    For any time periods during which you have ceased smoking tobacco products, your reasons for stopping;

(e)    For any time period when you have commenced smoking tobacco products after a period of having stopped smoking, your reasons for restarting;

(f)    If you smoke cigarettes, please state the average number of packs per day so consumed in each of the following five year periods of 1935 to the present time:

(i)    1935 - 1940;

(ii)    1941 - 1945;

(iii)    1946 - 1950;

(iv)    1951 - 1955;

(v)    1956 - 1960;

(vi)    1961 - 1965;

(vii)    1966 - 1970;

(viii)    1971 - 1975;

(ix)    1976 - present;

(g)    Whether you were ever advised by any physician to stop smoking. If your answer is yes, give the date and name and address of each physician who gave you any such advice, and also state whether you followed that advice; and,

12

    (h)    State the brand of tobacco used by plaintiff.

A26:  (a)    Cigarettes
      (b)    Plaintiff smoked approximately one pack of cigarettes per day between 1946 and 1967
      (c)    Plaintiff smoked approximately one pack of cigarettes per day between 1946 and 1967
      (d)    Plaintiff quit smoking because of health concerns.
      (e)    Not applicable
      (f)    Plaintiff smoked approximately one pack of cigarettes per day between 1946 and 1967
      (g)    Plaintiff objects to this Interrogatory as outside the scope of discovery and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Plaintiff states that he was advised during his annual military physical to quit smoking. Plaintiff eventually quit smoking because of health concerns.
      (h)    Plaintiff smoked many different kinds of cigarettes over the course of his smoking history, including Lucky Strikes, Chesterfields, Pall Malls, Kents, and many others, the brands of which Plaintiff is unable to recall at this time.

Q27.  Are you aware of the United States Surgeon General's warning placed on all cigarettes packages and advertisements?

A27:  Plaintiff objects to this interrogatory as vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Q28.  Have you ever read the warning referred to in Interrogatory No. 27? If so, state the date you first read it.

A28:  Plaintiff objects to this interrogatory as vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Q29.  Have you ever smoked cigarettes subsequent to being aware of or reading the warning referred to in Interrogatory No. 27?

A29:  Plaintiff objects to this interrogatory as vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

Q30.  Have you ever smoked tobacco products other than cigarettes subsequent to being aware of or reading the warning referred to in Interrogatory No. 27? If so, what products and when?

A30:  Plaintiff objects to this interrogatory as vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

13

E.    **Medical History**

Q31.   Have you ever been discharged or voluntarily left a position or changed residence due to health reasons? If yes, please state in detail the times, places and circumstances.

A31:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, No.

Q32.   Have you ever been hospitalized, operated upon, or confined to an institution? If yes, please state:
    (a)    The names and address of all hospitals or institutions involved;
    (b)    The beginning and ending dates of each period of hospitalization;
    (c)    The nature of the illness, injury or complaint for which you were admitted to the hospital;
    (d)    The names, addresses and relationships to you of all persons who treated or examined you;
    (e)    The nature and extent of any permanent disabilities or residual effects; and,
    (f)    The nature, source, and amount of any disability benefits, pensions or other remunerations received.

A32:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q33.   If you have ever suffered any personal injuries or illness other than those involved in this lawsuit, state for each such injury or illness:
    (a)    The date, place, names of persons involved, and circumstances surrounding each such injury or illness;
    (b)    The nature and extent of the injuries or illnesses, including all ill effects or disabilities remaining at the time of the last treatment or examination;
    (c)    The nature and extent of the injuries or illnesses including all ill effects or disabilities remaining at the time of answering these interrogatories;
    (d)    The names and addresses of all persons who treated or examined you, together with the date of the last treatment or examination; and,
    (e)    The nature, source, and amount of any disability benefits, pensions, or other remunerations for such injuries or illnesses.

A33:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to

Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q34.    With respect to each doctor who has examined or treated you from the year 1936 to date, state the following:
    (a)    The name and address of each such doctor;
    (b)    The complaint that you had which caused you to see the particular doctor;
    (c)    The type of examination and treatment that each doctor gave you; and,
    (d)    The date or dates on which you were examined and treated by each particular doctor.

A34:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q35.    Have you ever had chest x-rays taken? If so, state the following for each set of x-rays taken:
    (a)    The name and address of the office or hospital where the x-rays were taken;
    (b)    The reason why such x-rays were taken;
    (c)    The date or dates on which the x-rays were taken; and,
    (d)    The x-ray diagnosis that was reported to you.

A35:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q36.    Do you or your attorneys have any medical reports from any persons, hospitals, doctors or medical practitioners, or institutions that have ever treated or examined you at any time? If so, please attach copies of the reports to your answers to these interrogatories. If you will not voluntarily attach copies of the reports to your answers to these interrogatories, then please state fully and in detail:
    (a)    The identity of the report or reports by date, subject matter, name address, job title or capacity of the person(s) to whom addressed or directed, and the job title or capacity of the person or persons who prepared the same; and,
    (b)    The name, address, and present whereabouts of the person who has custody or control of the medical records and the purpose of said preparation.

A36:  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q37.  Have you ever received any nursing care or housekeeping services for or because of any injury sustained or any other physical condition? If yes, please state fully and in detail:
   (a)    The names, addresses and the relationship to you of the person(s) administering such care or services;
   (b)    The dates during which such care or services were received; and,
   (c)    The injury or illness or physical condition necessitating such care or services.

A37:  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous. Subject to, and without waiving these objections, with respect to the injuries complained of herein, see Plaintiff's Medical History attached as Exhibit B, Plaintiff's medical records, authorizations for which have been or will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q38.  Have you ever been confined to bed or home as a result of any illness, injury, or emotional or psychological illness or distress you may have sustained at any time? If yes, please state fully and in detail:
   (a)    The dates during which you were confined to your bed or home; and,
   (b)    The address where each confinement took place.

A38:  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous. Subject to, and without waiving these objections, with respect to the injuries complained of herein, see Plaintiff's Medical History attached as Exhibit B, Plaintiff's medical records, authorizations for which have been or will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q39.  Have you ever had to wear any medical support, cast, brace, or other device or garment, or use any other type of medical aid at any time? If yes, please state fully and in detail:
   (a)    A description of the item;
   (b)    Whether it was rented or purchased;
   (c)    The name and address of the supplier;
   (d)    The cost of the item; and,
   (e)    The period of time it was used.

16

A39:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous. Subject to, and without waiving these objections, with respect to the injuries complained of herein, see Plaintiff's Medical History attached as Exhibit B, Plaintiff's medical records, authorizations for which have been or will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q40.   State the dates, places and circumstances and results including any interpretative or diagnostic conclusions or possibilities of each and every x-ray or radiological examination of your body during your lifetime. Please include in you answer for each such examination, in addition to the above requested information:

   (a)   Name, address, and telephone number of each prescribing physician of each examination;

   (b)   Name, address, and telephone number of each examining physician in each examination;

   (c)   Name, address, and telephone number of the medical institution of laboratory, public or private, in which such examination was performed;

   (d)   The number of x-rays taken;

   (e)   Name, address, and telephone number of the present or last known custodian of each such x-ray;

   (f)   The specific areas of the body of which the x-ray examination was made;

   (g)   The interpretative or diagnostic results, conclusions, or possibilities derived from each such examination. Include in your answer the date, time, place, source and nature of each such result, conclusions or possibility at the time same was made known to you, or anyone related to you or acting in your behalf; and,

   (h)   Any treatment, recommendation or prescribed therapy resulting from such examination. Include in your answer:

      (i)     Purpose and objective of same;

      (ii)    Success or failure of same;

      (iii)   Date, time and duration of each such course of treatment or therapy;

      (iv)    Name of medication and the prescribed dosage;

      (v)     Accomplishments or degree of success of such treatment, therapy, or combination thereof; and,

      (vi)    Whether you cooperated completely, or in part, or ignored any such treatment, and the reasons for any such behavior on your part other than complete cooperation.

A40:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, for information about x-rays and radiological examinations depicting Plaintiff's chest area see Plaintiff's Medical History, attached as Exhibit B, and Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel.

Q41.   State the dates, places, and circumstances of each and every cardiology examination, or examination related to the circulatory system in any fashion, conducted upon you during your lifetime. In addition, include in your answer for each and every such examination:

(a)    Name, address and telephone number of each prescribing physician;

(b)    Name, address and telephone number of each examining physician;

(c)    Name, address and telephone number of each medical institution, office or laboratory, public or private, in which such examination was conducted;

(d)    Name, address and telephone number of the present or last known custodian of any results of such examination;

(e)    The interpretative or diagnostic results, conclusions or possibilities derived from each such examination. Include in you answer the date, time, place, source and nature of each such result, conclusion or possibility at the time that same was made known to you or anyone related to you or acting in you behalf; and,

(f)    Any treatment, recommendation or prescribed therapy resulting from such examination. Include in your answer:

(i)    Purpose or objective of same;

(ii)   Success or failure of same;

(iii)  Date, time and duration of each such course of treatment or therapy;

(iv)   Name of medication and the prescribed dosage;

(v)    Accomplishments or degree of success of such treatment, therapy, or combination thereof; and,

(vi)   Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription, or course of therapy or treatment, and the reasons for any such behavior on you part other than complete cooperation.

A41:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, vague and ambiguous. Subject to, and without waiving these objections, with respect to the injuries complained of herein, see Plaintiff's Medical History attached as Exhibit B, Plaintiff's medical records, authorizations for which have been or will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q42.   State the dates, places and every pulmonary or respiratory system-related examination conducted upon you during your lifetime. In addition, include in you answer for each and every such examination the following:

(a)    Name, address and telephone number of each examining physician;

(b)    Name, address and telephone number of each medical institution, office, or laboratory, public or private in which such examination was made;

(c)    Name, address and telephone number of the present or last known custodian of any results of such examination;

(d)    The interpretative or diagnostic results, conclusions or possibilities derived from each such examination. Include in you answer the date, time, place, source and nature of each such result, conclusion or possibility at the time that same was made known to you or anyone related to you or acting in you behalf; and,

    (e)    Any treatment, recommendation or prescribed therapy resulting from such examination.  Include in your answer:

        (i)    Name, address and telephone number of each prescribing physician;

        (ii)    Purpose or objective of same;

        (iii)    Success or failure of same;

        (iv)    Date, time and duration of same;

        (v)    Name and dosage of prescribed medication;

        (vi)    Accomplishments or degree of success of such treatment, therapy, or combination thereof; and,

        (vii)    Whether you cooperated completely or only in part or ignored each such recommendation, prescribed treatment, or therapy, and the reasons for any such behavior on your part other than complete cooperation.

A42:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges.  Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, and Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel.

Q43.    If you will do so without a motion to produce, please attach copies of any records, receipts or invoices related in any fashion to any or all of your answers to the above three interrogatories.

A43:    Plaintiff has or will provide Defense Coordinating Counsel with authorizations for Plaintiff's medical records, as well as Plaintiff's medical records currently in Plaintiff's possession.

**F.**    **Asbestos Related Injuries**

Q44.    For each and every present or past symptom, indication, malaise or effects which you contend to be directly or indirectly related to any disease, disability or physical condition or state of you body or health, and which you contend is relevant to this lawsuit, please state:

    (a)    Nature and description of such symptoms;

    (b)    The disease, disability or physical condition to which said symptom is related and the nature and extent of such relationship;

    (c)    The date, time, place and manner in which such symptom first manifest itself or was made known to you, including all pertinent information as to the source of such knowledge;

    (d)    Whether you contend such symptom is related in any fashion to asbestosis or pleuritis, or any other condition from which you allegedly suffer, and the nature and extent of such relationship;

(e) Whether you contend that such symptom is related in any fashion to the use or effect of any product manifested, sold or distributed, in whole or in part, by defendant or any subdivision or affiliate thereof. Include in you answer the nature and extent of said relationship and the name, description and identity of the product referred to in your answer;

(f) The facts, writings and publications, etc, upon which you base all or part of any of your above-stated contentions. If you will do so without a motion to produce, please attach copies of all such writings or publications; and,

(g) The name, business address and telephone number, job title, and resident address and telephone number of each and every witness who can testify in support of any or part of any of your above-stated conclusions.

A44: (a) Plaintiff suffers from lack of appetite, lack of energy, shortness of breath, and coughing. See also Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel.

(b) Plaintiff's symptoms are related to his mesothelioma and other asbestos caused lung conditions, or treatment therefore.

(c) Plaintiff's symptoms began to manifest in approximately 2006.

(d) Plaintiff's symptoms are related to his mesothelioma and other asbestos caused lung conditions, or treatment therefore.

(e) Yes. Plaintiff has come to understand that his contact with asbestos from various asbestos products, as described in response to these Interrogatories, in Plaintiff's Complaint and in any deposition testimony to be given, substantially contributed to the injuries complained of herein.

(f) Plaintiff objects to this Interrogatory as unduly burdensome. Plaintiff further objects to the extent this Interrogatory seeks material protected by the attorney work product privilege. Subject to, and without waiving these objections, to the extent not already provided, Plaintiff's counsel will provide Defendants with a list of medical articles describing the symptoms of asbestos-related diseases.

(g) Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel. Also, Plaintiff's family has observed and can testify to Plaintiff's suffering of some or all of the above mentioned symptoms.

Q45. Do you contend you are suffering from pleuritis?

A45: Plaintiff objects to this Interrogatory as vague and ambiguous. Subject to and without waiving that objection, Plaintiff has provided Defense Coordinating Counsel with authorizations for Plaintiff's medical records. In addition, Plaintiff has provided Defense Coordinating Counsel with any of Plaintiff's medical records in Plaintiff's possession.

Q46.    If your answer to Interrogatory No. 45 is in the affirmative, please state:

    (a)    Date and time of such diagnosis;

    (b)    Name, address and telephone number of diagnosing physician and any concurring physicians;

    (c)    Method and information upon which such diagnosis was based;

    (d)    Name, address and telephone number of each and every hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such diagnosis;

    (e)    Name, address and telephone number of each and every person, including your relatives, employer, or anyone acting in your behalf to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and telephone number of anyone witnessing such revelation;

    (f)    Describe in detail the specific course of treatment or therapy, including any medication, prescribed as a result of such diagnosis, and the name, address and telephone number of each prescribing physician;

    (g)    Name, address and telephone number of plaintiff's employer at a time of diagnosis; and,

    (h)    If said diagnosis resulted in any prescribed or recommended change in your occupation, behavior, life-style or work habits or conditions, please state:

        (i)    Nature, extent and exact content of such prescription or recommendation;

        (ii)    Plaintiff's response to same and reasons for such response, particularly stating any reasons for failing to comply fully with such prescriptions or recommendations; and,

        (iii)    State all fact upon which you rely to support a contention that such pleuritis is related to exposure to asbestos.

A46:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, and Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel.

Q47.    Do you contend that you are suffering from asbestosis?

A47:    No. Plaintiff's suffers from malignant mesothelioma.

Q48.  If your answer to Interrogatory No. 47 is in the affirmative, please state:
    (a)    Date and time of such diagnosis;
    (b)    Name, address and telephone number of diagnosing physician and any concurring physicians;
    (c)    Method and information upon which such diagnosis was based;
    (d)    Name, address and telephone number of each and every hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such diagnosis;
    (e)    Name, address and telephone number of each and every person, including your relatives, employer, or anyone acting in your behalf, to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and telephone number of anyone witnessing such revelation;
    (f)    Describe in detail the specific course of treatment or therapy, including any medication, prescribed as a result of such diagnosis, and the name, address and telephone number of each prescribing physician;
    (g)    Name, address and telephone number of plaintiff's employer at a time of diagnosis; and,
    (h)    If said diagnosis resulted in any prescribed or recommended change in your occupation, behavior, life-style or work habits or conditions, please state:
        (i)    Nature, extent and exact content of such prescription or recommendation; and,
        (ii)    Plaintiff's response to same and reasons for such response, particularly stating any reasons for failing to comply fully with such prescriptions or recommendations.

A48:  Not applicable.

Q49.  Do you contend you are suffering from any other pulmonary disease?

A49:  Plaintiff objects to this Interrogatory as vague and ambiguous. Subject to and without waiving that objection, Plaintiff has provided Defense Coordinating Counsel with authorizations for Plaintiff's medical records and any of Plaintiff's medical records in Plaintiff's possession.

Q50.  If your answer to Interrogatory No. 48 is in the affirmative, please state:
    (a)    Date and time of such diagnosis;
    (b)    Name, address and telephone number of diagnosing physician and any concurring physicians;
    (c)    Method and information upon which such diagnosis was based;
    (d)    Name, address and telephone number of each and every hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such diagnosis;
    (e)    Name, address and telephone number of each and every person, including your relatives, employer, or anyone acting in your behalf, to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and telephone number of anyone witnessing such revelation;

22

      (f)      Describe in detail the specific course of treatment or therapy, including any medication, prescribed as a result of such diagnosis, and the name, address and telephone number of each prescribing physician;

      (g)     Name, address and telephone number of plaintiff's employer at a time of diagnosis; and,

      (h)     If said diagnosis resulted in any prescribed or recommended change in your occupation, behavior, life-style or work habits or conditions, please state:

           (i)     Nature, extent and exact content of such prescription or recommendation;

           (ii)    Plaintiff's response to same and reasons for such response, particularly stating any reasons for failing to comply fully with such prescriptions or recommendations; and,

           (iii)   State all fact upon which you rely to support a contention that such pulmonary disease is related to exposure to asbestos.

A50:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, and Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel.

Q51.    Do you contend that you are suffering from any cancer, "incipient cancer", carcinoma or sarcoma?

A51:    Yes.

Q52.    If your answer to Interrogatory No. 51 is in the affirmative, please state:

      (a)      Date and time of such diagnosis;

      (b)     Name, address and telephone number of diagnosing physician and any concurring physicians;

      (c)     Method and information upon which such diagnosis was based including biopsies, histological or cytology studies;

      (d)     Name, address and telephone number of each and every hospital, medical institution, laboratory, physician, nurse, laboratory technician, etc., involved in any part of such diagnosis;

      (e)     Name, address and telephone number of each and every person, including your relatives, employer, or anyone acting in your behalf to whom such diagnosis was made known, including the date, time and place of such revelation, and the name, address and telephone number of anyone witnessing such revelation;

      (f)      Describe in detail the specific course of therapy or treatment, including any medication, prescribed as a result of such diagnosis, and the name, address and telephone number of each prescribing physician;

      (g)     Name, address and telephone number of plaintiff's employer at a time of diagnosis; and,

(h)    If said diagnosis resulted in any prescribed or recommended change in your occupation, behavior, life-style or work habits or conditions, please state:

    (i)    Nature, extent and exact content of such prescription or recommendation;

    (ii)    Plaintiff's response to same and reasons for such response, particularly stating any reasons for failing to comply fully with such prescriptions or recommendations; and,

    (iii)    State all fact upon which you rely to support a contention that such pulmonary disease is related to exposure to asbestos.

A52:    Plaintiff was diagnosed with malignant mesothelioma in approximately March of 2008 at Penrose Hospital, Colorado Springs, Colorado. See Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q53.    Are you aware that any adverse effects of exposure to asbestos and asbestos products may be cumulative in nature and that continued exposure to such materials by one suffering from asbestosis or a related illness might have significant adverse effects upon the extent and severity of such illness? If your answer is in the affirmative, please state:

(a)    The date, time and place that you first acquired such awareness;

(b)    Specific identity of such source of information providing or leading to such awareness; and,

(c)    Any change in your behavior, life-style, occupation, work habits, etc., prescribed by such awareness.

A53:    Plaintiff learned that asbestos is dangerous to health in approximately 1998. Plaintiff has no specific personal knowledge about the cumulative effect of asbestos exposure.

Q54.    After being informed that you were suffering from asbestosis, pleuritis, or any alleged asbestos-related illness, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos or asbestos-containing materials? If your answer is in the affirmative, please state:

(a)    Nature and description of such activity or occupation;

(b)    Name, address and telephone number of your employer at the time and subsequent to the diagnosis of any of the ailments referred to in the above interrogatory. Include in your answer:

    (i)    Your job title and description of work and activities and duties; and

    (ii)    Manner and extent of resulting exposure to asbestos or asbestos-containing materials.

(c)    Your detailed reasons for engaging in such activity or occupation; and,

(d)    Whether your participation in such activity or occupation and consequential exposure to asbestos or asbestos-containing materials was contrary to competent medical or professional advice (including such advice from employers, union representatives, publications, etc.). If so, please state in detail:

    (i)    The identity, description, address, etc., of each source of such advice;

    (ii)    The date, time and place such advice was given;

    (iii)    The name, address and telephone number of each and every person present when such advice was given to you; and,

    (iv)    Your response to such advice and the reasons therefore.

A54:    No.

Q55.    Please list in chronological order by date of admission all hospitals, extended care centers or nursing homes in which you have been a patient or an out-patient during your lifetime. Please include in your answer the dates of admission and discharge.

A55:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q56.    For each such confinement or out-patient period listed in your answer to Interrogatory No. 55, please state separately:
    (a)    Condition treated for;
    (b)    Name, address and telephone number of each treating or prescribing physician;
    (c)    Type and date of any diagnostic or operating procedure;
    (d)    The date of recovery from such condition referred to in subpart (a) of this interrogatory; and,
    (e)    Extent and duration of any disability resulting from such condition referred to in subpart (a) of this interrogatory.

A56:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and SE 001-002.

Q57.    State in detail such injuries, illnesses or types of ill health which you allege that you have suffered from during the one-year period immediately preceding the diagnosis of asbestosis, pleuritis and/or any other illness or disease alleged to be related to asbestos exposure. Set forth in detail such symptoms as were evident to you during that period, the date of their appearance, and the identity of all diagnosing and treating physicians.

A57:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, see Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel, Plaintiff's medical experts' reports, which will be provided to Defense Coordinating Counsel, and Documents SE 001-002.

Q58.   State the name and address of your personal physician at the time of the incident(s) of which you complain in this lawsuit.

A58:   See Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel.

**G.    Claims History**

Q59.   Have you, at any time, ever made a claim for or received any health or accident insurance benefits, workmen's compensation payments, disability benefits, pensions, accident compensation payments or veterans' disability compensation awards? If so, state for each:
   (a)   The circumstances under which you received the benefits or awards or payments;
   (b)   The illness or injury for which you received the benefits or awards or payments;
   (c)   The names and addresses of your employer at the time of each injury or illness;
   (d)   The names and addresses of the examining doctors for each injury or illness;
   (e)   The names of the superiors or officers of boards or tribunals before which or to whom the claim or claims were made or filed; the dated made or filed;
   (f)   The amount of the benefits or wards or payments;
   (g)   The dates covering the times during which you received the benefits or wards or payments; and,
   (h)   The agencies or insurance companies from whom you received the benefits or awards or payments.

A59:   Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections except for health insurance claims and benefits for medical bills, Plaintiff has not yet made any such claims nor received any such benefits related to the injuries complained of herein.

Q60.   On what date did you first become aware that asbestosis was a compensable occupational disease under the State Workmen's Compensation Act?

A60:   Plaintiff has no knowledge of this.

Q61.   Have you ever filed a suit for damages for any personal injury? If yes, please state:
   (a)   The names and addresses of all plaintiffs, defendants, and other parties and their attorneys;

      (b)     The court and place where each suit was filed and the date of filing;

      (c)     The nature and extent of the injuries claimed; and,

      (d)     The present status of each suit; and, if concluded, the final result including the amount of any settlement or judgment.

A61:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, other than this case, No.

Q62:    Have you ever been a party to any other litigation? If so, describe:

      (a)     The nature of the suit; and

      (b)     The date, court and place where the suit was filed.

A62:    Plaintiff objects to this Interrogatory as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, no.

**H.    Witnesses/Investigation**

Q63.    Do you or your attorneys know of any person or persons having knowledge of facts relevant to the allegations in this lawsuit, including witnesses to the injury, illnesses, etc. in question? If yes, please state the names, addresses, home telephone numbers, places of employment, relationship to you, the present whereabouts of all such persons.

A63:    Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving these objections, Plaintiff's family and her treating physicians may have knowledge of facts relevant to this lawsuit. See also Plaintiff's Work History, attached as Exhibit A, Plaintiff's Non-Occupational Exposure History, attached as Exhibit C, and Plaintiff's Witness Lists, including any amendments or supplements thereto. Plaintiff reserves the right to supplement or amend this response as investigation, discovery and preparation for trial continues.

Q64.    Do you or your attorneys have any written statements from any persons having knowledge of facts relevant to the subject matter of this lawsuit, including witnesses to the accident, injury, illnesses, etc. in question? If yes, please state the names, addresses, home telephone numbers, places of employment, relationship to you and the present whereabouts of all such persons.

A64:    Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff further objects to the extent this Interrogatory calls for material protected by the attorney work product privilege. Subject to, and without waiving these objections, Plaintiff's counsel is in possession of transcripts of deposition and trial testimony of plaintiffs, co-workers, defendants and other individuals taken in other asbestos cases. These transcripts can be reviewed at Plaintiff's counsel's office. In addition, Plaintiff will provide Defense Coordinating Counsel with any of Plaintiff's medical records in Plaintiff's possession. See also Plaintiff's Exhibit Lists, including any amendments or supplements thereto.

Plaintiff reserves the right to supplement or amend this response as investigation, discovery and preparation for trial continues.

Q65.    Do you or your attorneys have any written statements or oral transcriptions of the statements of any defendant or agent, servant or employee of any defendant to this action? If yes, state the name of such person, where and when the statement or statements were obtained, and who has custody of the statements or transcriptions.

A65:    See Plaintiff's answer to Interrogatory 64.

Q66.    As a result of the illnesses, relevant working conditions or other circumstances complained of in this action, or related to the subject matter of this lawsuit, were any photographs, charts, drawings, diagrams or other graphic representations made by you or on your behalf? If yes, state fully and in detail:

(a)    How many pictures were taken or documents prepared;

(b)    On what dates they were taken or prepared;

(c)    What views, scenes or objects they depict;

(d)    What is the name, address, telephone number, job title, or capacity and present whereabouts of the persons who have custody and control thereof;

(e)    Will the plaintiffs permit the defendants, through authorized representatives, to inspect the said photographs or other documents without the necessity of a motion of their production; and

(f)    Will the plaintiffs furnish copies of designated photographs or other documents to the defendants at defendants' expense?

A66:    Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Further, Plaintiff objects to the extent this Interrogatory calls for material protected by the attorney-client or attorney work product privileges. Subject to, and without waiving these objections, see Plaintiff's experts' reports, which will be provided to Defense Coordinating Counsel, and Plaintiff's Exhibit Lists, including all amendments or supplements thereto.

Q67.    If your claim is based to any extent or nature upon expert opinion other than medical experts, please state the name, address, home telephone number, place of employment, relationship to you, and present whereabouts of all such experts.

A67:    Plaintiff objects to this Interrogatory on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, this information will be provided at the appropriate time.

Q68.    Have you made any statement which was reduced to writing concerning the facts of this lawsuit and the damages claimed to any police or law officer, insurance company representative, investigator, state or federal agent or employee of any kind, or anyone else? If yes, state the name and address of each and every such person or organization to whom these statements or reports were made and the purpose for which they were made.

28

A68:  Plaintiff objects to this Interrogatory as beyond the scope of discovery. Plaintiff further objects to this Interrogatory to the extent it seeks material protected by the attorney-client or attorney work product privileges. Subject to, and without waiving these objections, Plaintiff knows of no such statements or reports except those that may have been given to or done by Plaintiff's attorneys.

Q69.  Have any investigations or other reports been prepared, complied, submitted or made by you or on your behalf in this action? If yes, state fully and in detail as to each such investigation or report:
   (a)    The identity of same by date, subject matter, name, address, job title or capacity of the person or persons to whom addressed or directed;
   (b)    The name, address, job title or capacity of the person or persons to whom addressed or directed; and,
   (c)    The name, address, and present whereabouts of the person who has present custody or control thereof and the purpose of such preparation.

A69:  Plaintiff objects to this Interrogatory to the extent it seeks material protected by the attorney-client or attorney work product privileges. Subject to, and without waiving these objections, any such investigations or reports were done by Plaintiff's attorneys only.

Q70.  Do you have any health, accident or life insurance policies which are currently in effect? If yes, state the name, type, address of the insurance company, dates of commencement and expiration of coverage, policy limits, etc.

A70:  Plaintiff objects to this Interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Q71.  List the names, addresses and relationship to plaintiff of all persons who were witnesses to the accident, injuries or illnesses which are the subject matter of this lawsuit.

A71:  Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving these objections, see Plaintiff's Work History, attached as Exhibit A. See also Plaintiff's Medical History, attached as Exhibit B, Plaintiff's medical records, authorizations for which have been and/or will be provided to Defense Coordinating Counsel. Finally, see Plaintiff's Witness Lists, including any amendments or supplement thereto. Plaintiff reserves the right to supplement or amend this response as investigation, discovery and preparation for trial continues.

Q72.  Do your agents, employees and representatives know of any statement having been made by the defendants pertaining to any circumstances of the injuries or illnesses which are the subject of this lawsuit?

A72:  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous. Subject to, and without waiving these objections, Plaintiff states as follows:

Yes, if the subject of asbestos related illness is included within the meaning of the Interrogatory.

Q73.    If your answer to Interrogatory No. 72 is in the affirmative, was any such statement in writing and, if so, in whose possession is such statement and when and where may it be inspected by defendants?

A73:    Such statements include depositions of Defendants' employees, documents of trade associations, letters between Defendants and each other, and Defendants' written discovery answers in this and other asbestos litigation. See also Plaintiff's answer to Interrogatory 64 and Plaintiff's Exhibit Lists, including any amendments or supplements thereto.

Q74.    If your answer to Interrogatory No. 72 is in the affirmative, and any such statement was oral, when and where was any such statement made, in whose presence was such statement made, and what was the substance of such statement?

A74:    See Plaintiff's answer to Interrogatory 73.

Q75.    Give the names and present addresses of all witnesses you intend to use at the trial of this case with respect to the occurrence and/or cause of your illness or with respect to claimed damages or with respect to the liability of these defendants.

A75:    Plaintiff objects to this Interrogatory as overly broad and unduly burdensome. Subject to, and without waiving these objections, Plaintiffs and their counsel have not yet decided which individuals will be called as witnesses at trial. However, for possible witnesses, see Plaintiff's Work History, attached as Exhibits A, Plaintiff's Medical History, attached as Exhibit B, Plaintiff's Witness Lists, and Plaintiff's Expert Witness List, including any amendment or supplements thereto. Plaintiff reserves the right to supplement or amend this response as investigation, discovery and preparation for trial continues.

Q76.    With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:
(a)     The subject matter on which the expert is expected to testify;
(b)     The substance of the facts and opinions to which the expert is expected to testify; and
(c)     A summary of the grounds for each such opinion.

A76:    Plaintiff objects to this Interrogatory on the ground that the identities and opinions of any and all consulting experts are protected from disclosure by the consulting expert and work product privileges. Subject to, and without waiving these objections, this information will be provided at the appropriate time.

Q77.    State the name and present address of any expert witness who has been retained or specially employed by you or your attorneys in anticipation of litigation or preparation for trial by who is not expected to testify as a witness at the trial.

A77:  Plaintiff objects to this Interrogatory as beyond the scope of discovery.  Plaintiff further objects to the extent this Interrogatory seeks material protected by the attorney-client or attorney work product privileges.  Subject to, and without waiving these objections, the experts to be identified in Plaintiff's Expert Witness List, including any amendments or supplements thereto, as well as Plaintiff's treating physicians (See Plaintiff's Medical History, attached as Exhibit B) may testify for Plaintiff.  However, Plaintiffs and their counsel have not yet decided which individuals will be called as witnesses at trial, nor has the exact scope or subject matter of any witness' testimony been determined.

Q78.  Give an accurate statement of all medical, hospital and drug or other related costs incurred by you or on your behalf as a result of the illness alleged in the Complaint.

A78:  Plaintiff incurred medical expenses and related out-of-pocket costs as a result of hir asbestos related illness.  Plaintiff's counsel will provide a total sum as soon as one is ascertained.

Q79.  If you claim the right to recovery an "out-of-pocket" expenses, including, but not limited to, medical expenses, itemize each such expense and state:
   (a)   A specific description of each such expense;
   (b)   The date when such expense was incurred;
   (c)   To whom it was incurred; and,
   (d)   For what it was incurred.

A79:  See Plaintiff's Answer to Interrogatory 78.

**I.     Union Activity**

Q80.  Were you a member of any labor union at any time from 1936 to the present?  If your answer is in the affirmative, state for each such union membership:
   (a)   The name, address and telephone number; and,
   (b)   The dates and time periods during which you maintained membership in such union.

A80:  To the best of Plaintiff's knowledge, no. Upon information and belief, the Coast Guard attempted to enroll Plaintiff in a union and Plaintiff refused. The Coast Guard may have enrolled Plaintiff in a union without his knowledge and without his consent. Plaintiff has no information about which union, if any, this might have been.

Q81.  If you were a member of the International Association of Heat and Frost Insulators and Asbestos Workers, did you receive the publication known as The Asbestos Worker?

A81:  Not applicable.

31

Q82.   If your answer to Interrogatory 81 is in the affirmative, state in detail:
   (a)   The manner of receipt, e.g., subscription, provided by union or employer, purchase, etc.;
   (b)   Frequency of receipt, e.g., regularly, occasionally, rarely, etc.;
   (c)   The name, address and telephone number of each and every person or entity which provided this publication to you;
   (d)   Pertinent dates and time periods during which you received any issues of said publication:
   (e)   Publication date, issue and volume number of each issue of said publication received by you in any fashion; and,
   (f)   Whether you read such publication.

A82:   Not applicable.

Q83.   Did any of your employers or any union or other labor organization, group, representative or officer ever provide or make any copies of the publication The Asbestos Worker available to you at any time?

A83:   No.

Q84.   If your answer to Interrogatory 83 is in the affirmative, please state in detail:
   (a)   The name, address, telephone number and title of each and every such employer, union, representative, or officer referred to in your answer to the above interrogatory;
   (b)   The dates and time periods during which the publication was so provided or made available to you;
   (c)   The publication date, issue and volume of each issue of said publication so proved or made available; and,
   (d)   The terms, circumstances or requirements of such availability of provision or requirements of said publication, e.g., free, by subscription, mailed, to be picked up, distributed at meetings, etc.

A84:   Not applicable.

Q85.   If you were a member of a labor union other than the International Association of Heat and Frost Insulators and Asbestos Workers, did you receive any newspapers, newsletters or other publications from such union?

A85:   Not Applicable.

Q86.   If your answer to Interrogatory 85 is in the affirmative, please state:
   (a)   The type of each publication received;
   (b)   The frequency with which such publications were received; and,
   (c)   Whether you read such publications.

32

A86:    Not applicable.

Q87.    Have you ever attended any international or local union meetings, seminars, conferences or conventions where the subjects of occupational health and exposure to asbestos were discussed?

A87:    No.

Q88.    If your answer to Interrogatory 87 is in the affirmative, please state:
      (a)     The date and place of such meeting, seminar, conference or convention;
      (b)     The name and address of each speaker; and,
      (c)     A summary of such speech, presentation or discussion.

A88:    Not applicable.

Q89.    Please list together with places and dates all offices you have held or committees on which you have served in both your local and international union.

A89:    Not applicable.

Q90.    Have you ever been informed by any person in an official capacity in your local or international union of any possible hazards associated with the exposure to asbestos dust?

A90:    Not Applicable.

Q91.    If your answer to Interrogatory 90 is in the affirmative, please state:
      (a)     The name, address and official capacity of the individual or individuals who furnished you with such information;
      (b)     The date and place such information was furnished;
      (c)     The manner in which such information was communicated;
      (d)     The nature of the information furnished; and,
      (e)     What action, if any, you took in response to such information.

A91:    Not applicable.

Q92.    For what time periods, including dates, were you an apprentice in the insulation materials installation trade (or a related trade) hereinafter referred to as "the trade"?

A92:    Not applicable.

Q93.    For what time periods, including dates, were you a journeyman, or its equivalent, in the trade?

A93:    Not applicable.

Q94.   State the date, times and places during which you were:
     (a)    A member of the National Insulation Contractors Association (N.I.C.A.);
     (b)    Employed by an employer who is a member of the National Insulation Contractors Association (N.I.C.A.). If so, please state the name, address and telephone number of said employer.
     (c)    Employed by an employer who is a member of the N.I.M.A. If so, please state the name, address and telephone number of said employer.

A94:   Not applicable.

Q95.   Were you ever aware of, informed of, or advised in any fashion by the informational and educational campaigns conducted by N.I.C.A. and N.I.M.A., the purpose and goals of which were to promote awareness among asbestos materials workers as to potential hazards of asbestos exposure and to reduce such harmful exposure through recommendations regarding protective respiratory safety equipment and fabrication of asbestos products?

A95:   No.

Q96.   If your answer to the foregoing interrogatory is in the affirmative, state the date, times, places, names and circumstances under which such awareness, information or advice was received, and the name, address and telephone number of anyone present at the time you received such advice and/or who received the same or similar advice, information or awareness.

A96:   Not applicable.

**J.    Damages**

Q97.   State your average weekly or monthly earnings at the time of your last full-time employment.

A97:   To be provided. See also Plaintiff's Social Security earnings records (SE 003-006).

Q98.   State fully and in detail your annual earnings for the past ten years:
     (a)    Do you or your attorneys have your W-2 forms and/or income tax returns (or copies thereof) for any of the past ten years? If so, please state for which years you have such W-2 forms and/or income tax returns and/or copies thereof; and,
     (b)    If you will do so without a motion to produce, please attach copies of said W-2 forms and/or income tax returns to your answers to these interrogatories.

A98:   Plaintiff objects to this Interrogatory as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of discovery. Subject to, and without waiving these objections, Plaintiff will provide Defense Coordinating Counsel with an authorization for Plaintiff's federal income tax records.

Q99.  If you claim that you have sustained any loss of income or earning power as a result of the incident which is the subject of this lawsuit, either in the past, present or in the future, state:

    (a)  The total value of the loss you claim was sustained;

    (b)  The inclusive dates when you claim you were unable to work as a result of the incident and the reason why you were unable to work on such dates;

    (c)  A specific description of the type or types of work you would have been performing or would have been able to perform during the period stated;

    (d)  The rate of income you would have been able to receive had the alleged incident not occurred, e.g., $1.00 per hour, $50.00 per week, etc.; and

    (e)  The name and address of the person, corporation or other entity which would have been your employer.

A99:  Plaintiff is not claiming a loss of income due to his asbestos-related injuries.

Q100. Insofar as you intend to introduce into evidence any expert testimony concerning part of future loss [of] earning power or the present value of a sum of money concerning a future loss of expense and such evidence will be introduced through an expert economist or actuary, state the name and address of such expert and, as to each such person named, state:

    (a)  A specific description of the losses for which such future earnings, present value of the loss of future earnings, present value of second job earnings, present value of future medical expenses, etc.;

    (b)  Describe in detail precisely the manner in which the person reached her conclusions showing he mathematical calculations involved; and

    (c)  Insofar as such person has prepared any report or memoranda showing in whole or in part her conclusions or the facts on which such conclusions were based, state the date of such writing and the names and addresses of persons having copies of it.  If you will do so without a motion to produce, please attach a copy of any such report to these answers.

A100: Not Applicable.

Q101. State all facts upon which you base your claim concerning your potential earnings or earning power.

A101: Not Applicable

Q102. If you claim that, as a result of the negligence alleged in the Complaint, you experienced any conscious pain and suffering for which you claim the right to recover damages in this lawsuit, state:

    (a)  The inclusive times or dates when you claim such conscious pain and suffering was experience;

    (b)  The name and address of any person having knowledge that it was, in fact, experienced;

(c)    The specific acts which you claim the defendants performed which resulted in such pain and suffering; and

(d)    A description of the pain and suffering and the areas of the body effected so far as you are aware.

A102:  (a)    Plaintiff began experiencing pain and suffering symptoms in 2006.

(b)    Plaintiff's medical providers as reflected in Plaintiff's Medical History, attached as Exhibit B and in Plaintiff's medical records, for which Plaintiff has provided Defense Coordinating Counsel an authorization, as well as Plaintiff's family.

(c)    See Plaintiff's Complaint, including any amendments.

(d)    See Plaintiff's answer to Interrogatory 44, Plaintiff's deposition testimony, Plaintiff's family members' testimony, Plaintiff's medical records, for which Plaintiff has provided Defense Coordinating Counsel an authorization. In addition, Plaintiff will provide Defense Coordinating Counsel with any of Plaintiff's medical records in Plaintiff's possession.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon J. Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: May 27, 2008

## **CERTIFICATION**

**FREDERICK SEITZ**, being duly sworn, deposes and says:

That he is the Plaintiff in the within action, that he has read the foregoing

**PLAINTIFFS' ANSWERS TO INTERROGATORIES DIRECTED TO PLAINTIFFS BY**

**ALL DEFENDANTS AND RESPONSE TO REQUEST FOR PRODUCTION,** and knows

the contents thereof, and that the same is true to the best of his own knowledge.


_____
**FREDERICK SEITZ**

Sworn to before me this
28th day of May, 2008

_____
**NOTARY PUBLIC**

YVONNE M. STEMPLE
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 01/25/2012

00117929.WPD

**EXHIBIT A**

## WORK HISTORY – FRED SEITZ

1.     Employer:                     United States Coast Guard
        Address:                       Curtis Bay, MD
        Period of Employment:     Approx 1944-1945
        Nature of Business:        Construction of coast guard cutters
        Job Function:             Electrician's Apprentice
        Products:                   None
        Co-Workers:               Unknown

2.     Employer:                     United States Marine Corps
        Address:                       Various
        Period of Employment:     Approx 1946-1967
        Nature of Business:        Military defense
        Job Function:             Airplane and helicopter mechanic/pilot
        Products:                   Plaintiff worked on the following aircraft:

- F6 – Hellcat
- F4U – Corsair
- T-28 Trojan
- TBM/TBF – Avenger
- SNB 5 - Expeditor
- F7F-3 Tigercat
- F9F Panther/Cougar
- FJ-4 Fury
- F11F-1 Tiger
- Cessna 180
- Cessna L-19/ 0-1 Bird Dog
- F-4 Phantom
- Piasecki HUP-2 / UH-25B – Retriever (helicopter)
- Ch-46 Sea Knight (helicopter)
- SNJ 2/ SNJ 6

In the course of his work on these aircraft, Plaintiffs worked with a variety of asbestos-containing products including but not limited to: engines and engine components, brakes, brake linings, and other brake parts, clamps, and gaskets

        Co-Workers:               To Be Provided

3.    Employer:                    Bell Helicopter
      Address:                     Kansas City, MO
      Period of Employment:        Approx 1967-1969
      Nature of Business:          Sales and service of helicopters
      Job Function:                Regional Marketing Manager
      Products:                    Plaintiff worked on the following aircraft:
                                   - Bell 206 Jetranger
                                   - Bell 47
                                   - Bell 204
                                   - Enstrom F28
                                   - Sykorsky S58E
                                   - Sykorsky S62A
                                   In the course of his work on these aircraft,
                                   Plaintiffs worked with a variety of asbestos-
                                   containing products including but not
                                   limited to: engines and engine components,
                                   brakes, brake linings, and other brake parts,
                                   clamps, and gaskets
      Co-Workers:                  Unknown

4.    Employer:                    Imperial Airways
      Address:                     St. Paul, MN
      Period of Employment:        Approx 1969-1973
      Nature of Business:          Helicopter repair and conversion
      Job Function:                Executive Vice President
      Products:                    Plaintiff worked on the following aircraft:
                                   - Bell 206 Jetranger
                                   - Bell 47J
                                   - Enstrom F28
                                   - Sykorsky S58E
                                   - Sykorsky S62A
                                   In the course of his work on these aircraft,
                                   Plaintiffs worked with a variety of asbestos-
                                   containing products including but not
                                   limited to: engines and engine components,
                                   brakes, brake linings, and other brake parts,
                                   clamps, and gaskets
      Co-Workers:                  To Be Provided

5.    Employer:                    Self
      Period of Employment:        Approx 1973-1974
      Nature of Business:          Financial Consulting
      Job Function:                consultant
      Products:                    Not Applicable
      Coworkers:                   Unknown

{00117200.DOC}                     2

6.  Employer:                Dakota Bake and Serve
    Address:                 Jamestown, ND
    Period of Employment:    Approx 1974-1976
    Nature of Business:      Manufacture and distribution of frozen bread products
    Job Function:            Pilot and aircraft maintenance
    Products:                Plaintiff worked on the following aircraft:
                             - Beechcraft B-58 Baron
                             - Beechcraft B60 Duke
                             - Cessna 210
                             - Aerocommander 690A
                             In the course of his work on these aircraft,
                             Plaintiffs worked with a variety of asbestos-
                             containing products including but not
                             limited to: engines and engine components,
                             brakes, brake linings, and other brake parts,
                             clamps, and gaskets
    Co-Workers:              Dwayne Wold

7.  Employer:                Investors Diversified Service
    Address:                 2345 N. Academy
                             Colorado Springs, CO
    Period of Employment:    Approx 1977-1981
    Nature of Business:      Insurance & Investments
    Job Function:            Investment Advisor
    Products:                Not Applicable
    Co-Workers:              To Be Provided

8.  Employer:                Central Arizona Aviation
    Address:                 Falcon Field Airport, Mesa, AZ
    Period of Employment:    Approx 1986-1988
    Nature of Business:      Aircraft maintenance and repair
    Job Function:            Supervisor and Manager
    Products:                Plaintiff worked on the following aircraft:
                             - Many aircraft from various manufacturers
                             In the course of his work on these aircraft,
                             Plaintiffs worked with a variety of asbestos-
                             containing products including but not
                             limited to: engines and engine components,
                             brakes, brake linings, and other brake parts,
                             clamps, and gaskets
    Co-Workers:              Unknown

# EXHIBIT C

RESTRICTED

FOR OFFICIAL USE ONLY

AN 01-90KA-2

# ERECTION AND MAINTENANCE
# INSTRUCTIONS

## FOR

# AIRPLANES

### ARMY MODELS
## AT-7, AT-7C
### NAVY MODELS
## SNB-2, SNB-2C

Published under joint authority of the Commanding General, Army Air Forces, the Chief of the Bureau of Aeronautics, and the Air Council of the United Kingdom.

NOTICE: This document contains information affecting the national defense of the United States within the meaning of the Espionage Act, 50 U. S. C., 31 and 32, as amended. Its transmission or the revelation of its contents in any manner to an unauthorized person is prohibited by law.

RESTRICTED

WR-O-25 JUN 43  10, 200

## 30 MARCH 1944
### REVISED 10 JULY 1945

DF 1

RESTRICTED

FOR OFFICIAL USE ONLY

AN 01-90-3

# STRUCTURAL REPAIR
## INSTRUCTIONS
### FOR
### ARMY MODELS
# AT-7, AT-7C, C-45B and C-45F
### NAVY MODELS
# SNB-2, SNB-2C, JRB-3 and JRB-4
# AIRPLANES

Published under joint authority of the Commanding General, Army Air Forces, the Chief of the Bureau of Aeronautics, and the Air Council of the United Kingdom.

NOTICE: This document contains information affecting the national defense of the United States within the meaning of the Espionage Act, 50 U. S. C., 31 and 32, as amended. Its transmission or the revelation of its contents in any manner to an unauthorized person is prohibited by law.

RESTRICTED

U. S. F. & L. Co., cat. 1-28-45 15,500

**5 MAY 1944**
*REVISED 5 FEBRUARY 1945*

DF 2

RESTRICTED

FOR OFFICIAL USE ONLY

AN 01-90CD-4

# *AIRPLANE PARTS CATALOG*

### ARMY MODELS

# UC-45B and UC-45F

### NAVY MODELS

# JRB-3 and JRB-4

Published under joint authority of the Commanding General, Army Air
Forces, the Chief of the Bureau of Aeronautics, and the Air Council of
the United Kingdom.

NOTICE: This document contains information affecting the national defense
of the United States within the meaning of the Espionage Act, 50 U. S. C.,
31 and 32, as amended. Its transmission or the revelation of its con-
tents in any manner to an unauthorized person is prohibited by law.

RESTRICTED

The A. L. Garber Co., Ashland, O.,—6-44, 10,800

15 JULY 1944

DF 3

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

0 5 3

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Frederick Seitz and Mary Louise Seitz

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

A. Dale Bowers, Law Offices of Joseph J. Rhoades, 1225 North King Street, 12th Floor, Wilmington, DE 19801 (302) 427-9500

## DEFENDANTS

Northrop Grumman Corporation

County of Residence of First Listed Defendant   NCC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Penelope B. O'Connell, Elzufon Austin Reardon, 300 Delaware Avenue, Suite 1700, 19899 (302) 428-3181

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

❏ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

❏ 2  U.S. Government Defendant

❏ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury | **PERSONAL INJURY**<br>❏ 362 Personal Injury - Med. Malpractice<br>❏ 365 Personal Injury - Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 610 Agriculture<br>❏ 620 Other Food & Drug<br>❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 630 Liquor Laws<br>❏ 640 R.R. & Truck<br>❏ 650 Airline Regs.<br>❏ 660 Occupational Safety/Health<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 810 Selective Service<br>❏ 850 Securities/Commodities/Exchange<br>❏ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 444 Welfare<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 440 Other Civil Rights | **PRISONER PETITIONS**<br>❏ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>❏ 530 General<br>❏ 535 Death Penalty<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Mgmt. Relations<br>❏ 730 Labor/Mgmt.Reporting & Disclosure Act<br>❏ 740 Railway Labor Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 463 Habeas Corpus - Alien Detainee<br>❏ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | ❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 892 Economic Stabilization Act<br>❏ 893 Environmental Matters<br>❏ 894 Energy Allocation Act<br>❏ 895 Freedom of Information Act<br>❏ 900Appeal of Fee Determination Under Equal Access to Justice<br>❏ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ❏ 2 Removed from State Court  ❏ 3 Remanded from Appellate Court  ❏ 4 Reinstated or Reopened  ❏ 5 Transferred from another district (specify)  ❏ 6 Multidistrict Litigation  ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331, 1332, 1442(a)(1), 1446

Brief description of cause:
Notice of Revoval of Action from Delaware Superior Court

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Judge Mary Johnston

DOCKET NUMBER  08C-04-247 ASB

DATE  6/12/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Rec 4/52282
-136

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____  3  _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

_____6/12/08_____          X _____
(Date forms issued)                          (Signature of Party or their Representative)

                                          X Ian Platz
                                          (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action