IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION: | |
| FREDERICK SEITZ and MARY LOUISE SEITZ, his wife | C.A. No. 08-CV-0353 GMS |
| Plaintiffs, | |
| v. | |
| ADEL WIGGINS GROUP, et al., | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT NORTHRUP GRUMMAN CORPORATION'S MOTION FOR STAY OF PROCEEDINGS**

Plaintiffs Frederick and Mary Louise Seitz oppose Defendant Northrup Grumman Corporation's Motion for Stay of Proceedings. By its motion, Defendant Northrup Grumman Corporation ("Northrup Grumman") seeks to avoid the fundamental and crucial question of whether federal subject matter jurisdiction exists in this Court. Until and unless this Court decides this fundamental question, a stay of proceedings and transfer to the Eastern District of Pennsylvania as part of the *In Re Asbestos Products Liability Litigation* Docket No. 875 ("MDL-875") would only further delay and complicate the resolution of this case. Applicable law and fundamental notions of fairness not only permit but require this Court to deny Northrup Grumman's Motion for a Stay of Proceedings and to hear Plaintiff's forthcoming Motion to Remand.

This Court has the power to determine the threshold issue of federal jurisdiction prior to transferring this case to MDL-875. *See* Judicial Panel on Multidistrict Litigation Rule 1.5, 181

F.R.D. 1, 3 (1998). Indeed, "the power to grant a stay is subject to an important limitation: the existence of subject matter jurisdiction." *Commonwealth of Pennsylvania v. TAP Pharmaceutical Products, Inc*., 415 F.Supp.2d 516, 521 (E.D.Pa. 2005).

Importantly, Northrup Grumman's strategic maneuver of filing a Motion to Stay immediately after filing a Notice of Removal has been criticized by several District Courts and even called an abuse of the removal process. *See Brewster v. A.W. Chesterton Company, et al.*, 2007 WL 1056774 at *4 (N.D.Cal.); *Hilbert v. Aeroquip, Inc. et al*, 486 F.Supp.2d 135 (D.Mass. 2007). Mr. Seitz is dying of malignant mesothelioma, an invariably terminal cancer. *See* Exhibit A. Any delay caused by transfer of this case to MDL-875 for determination of the threshold issue of federal jurisdiction would result in irreparable harm to Plaintiffs, all but guaranteeing that Mr. Seitz will not live to have his day in Court. That is apparently the motive behind Northrup Grumman's dubious motion.

Plaintiffs respectfully urge this Court to deny Northrup Grumman's Motion for a Stay of Proceedings and to hear Plaintiffs' forthcoming Motion to Remand.

## I. PROCEDURAL POSTURE

Plaintiffs filed their Complaint in the New Castle County, Delaware, Superior Court on April 25, 2008 seeking damages from various asbestos manufacturers for their failure to warn Mr. Seitz of the hazards of asbestos.

On June 12, 2008, Northrup Grumman filed a Notice of Removal based on their alleged federal officer defense, opening case 08-CV-0353 in this Court. Immediately thereafter, on June 13, 2008, Northrup Grumman filed its Motion for Stay of Proceedings.[1]

[1] Similarly, on June 11, 2008, Defendant Bell Helicopter Textron, Inc. filed a Notice of Removal, opening case 08-CV-0351 in this Court. As of the date of this Opposition, Bell Helicopter has not filed a Motion for Stay of Proceedings.

Plaintiffs strongly contest federal court jurisdiction in this case and will file a Motion to Remand to Delaware State Court as soon as possible.[2]

## II. THIS COURT MUST DECIDE THE THRESHOLD QUESTION OF FEDERAL JURISDICTION, WHICH WILL BE BROUGHT BEFORE THE COURT IN PLAINTIFFS' FORTHCOMING MOTION TO REMAND, BEFORE IT CAN GRANT A MOTION TO STAY.

Before a District Court can adjudicate any pretrial matters, including a Motion to Stay, the Court must determine whether it has subject matter jurisdiction over the case because "[t]he power to grant a stay is subject to an important limitation: the existence of subject matter jurisdiction." *Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc*., 415 F.Supp.2d at 521; *See also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (*citing Ex parte McCardle,* 7 Wall. 506, 74 U.S. 506, 514, 19 L.Ed. 264 (1868): "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Clark v. Pfizer Inc*., 2004 WL 1970138 at 2 (E.D.Pa. 2004)(applying the above rule to resolve jurisdictional question before deciding Motion to Stay). "The requirement that jurisdiction be established as a threshold matter…is inflexible and without exception." *Steel Co.,* 523 U.S. at 94 (*citing Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511 (1884)).

In the case at hand, Plaintiffs contest federal subject matter jurisdiction and accordingly will file a Motion to Remand forthwith. The question of federal jurisdiction must be resolved

---

[2] Pursuant to Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware Rule 7.1.2(b) and Fed.R.Civ.P 6(a), Plaintiffs must file their opposition to the instant Motion to Stay within ten business days. Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on lack of subject matter jurisdiction may be made at any time after removal. Therefore, Plaintiffs must file this Opposition before Plaintiffs' are reasonably able to file their Motion to Remand.

before the Court can take any other action, including adjudicating this meritless pending Motion to Stay.

## III. THIS COURT RETAINS AUTHORITY TO AND SHOULD DECIDE THE THRESHOLD QUESTION OF FEDERAL JURISDICTION EVEN IF A TRANSFER TO MDL-875 IS PENDING.

This Court has the authority to determine the threshold question of subject matter jurisdiction in this case and, according to case law and guidance from the Judicial Panel on Multiditrict Litigation ("JPML"), should do so. A stay would serve no purpose but to delay this crucial determination.

Northrup Grumman incorrectly argues that its letter to the JPML declaring this case a "Tag Along Action" (Exhibit 1 to Northrup Grumman's Motion) requires this Court to stay all proceedings pending a conditional transfer order ("CTO") and transfer to MDL-875. However, Northrup Grumman's argument ignores significant applicable law. Significantly, no CTO is pending at this time. Moreover, even if a CTO were pending, Northrup Grumman's argument would be incorrect. At any stage of this case, this Court is permitted to and should make an individual determination of subject matter jurisdiction.

Contrary to Northrup Grumman's assertions, even if a CTO were pending, the existence of a CTO would "not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." JPML Rule 1.5, 181 F.R.D. 1, 3 (1998); *accord*, *Steel Workers Pension Trust v. Citigroup, Inc*., 295 B.R. 747, 749 (E.D.Pa. 2003) (applying Panel Rule 1.5 in determining District Court's jurisdiction to hear Motion to Remand); *Vanouwerker v. Owens-Corning Fiberglass Corp.*, 1999 WL 335960, *1, n.2, (E.D.Tex. 1999) (appying Panel Rule 1.5 and proceeding to remand asbestos case to state court improperly removed on federal officer grounds).

Accordingly, Courts have consistently held that the District Court to which the action is removed ***should*** rule on the Motion to Remand prior to considering the propriety of a transfer to MDL-875. *See e.g. Hilbert v. Aeroquip, Inc. et al*, 486 F.Supp.2d at 135 (remanding an asbestos case removed by Defendant Northrup Grumman prior to transfer to MDL-875); *Freiberg v. Swinterton & Walberg Property Services, Inc. et al.*, 245 F.Supp.2d 1144, 1149 (D.Colo. 2002) (remanding five asbestos actions prior to transfer to MDL-875); *Vanouwerker*, 1999 WL 335960 at *13 (remanding asbestos case to state court improperly removed on federal officer grounds).

Indeed, the MDL-875 Court itself has specifically instructed at least one District Court to decide the remand issue while a CTO is pending. *Freiberg*, 245 F.Supp.2d at 1155-56 (where plaintiff's opposition to transfer was scheduled to be considered before MDL-875, Court stated: "In the interim, the Panel has instructed me to proceed in these cases and, in particular, address any pending motions to remand.").

Northrup Grumman also incorrectly argues that this Court's determination of a Motion to Remand would be a waste of judicial resources because MDL-875 is familiar with the issues relating to asbestos litigation. Motion at 7. Northrup Grumman's argument fails to recognize that either this Court or MDL-875 must make an independent assessment of jurisdiction, requiring the same judicial effort and resources. *See Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc.*, 415 F.Supp.2d at 521, which held:

> [G]ranting a stay solely based on the existence of a factually-related MDL proceeding, without undertaking an individualized analysis of subject matter jurisdiction, would run counter to established case law, congressional intent, and JPML Rule 1.5, all of which contemplate a district court will act to resolve threshold jurisdictional concerns. [Footnote omitted] Defendants' judicial efficiency and uniformity arguments overlook this critical point. Here, either this Court or [the MDL] must make an independent review of the notice of removal, the Amended Complaint, and the motion to remand to determine whether a federal question is present. The same degree of judicial resources

> must be expended here or in the [MDL] to make an assessment of which party should prevail. Therefore, the existence of subject matter jurisdiction cannot be resolved more efficiently or uniformly in [the MDL] because it is undisputed that one federal court must make an individualized assessment of the jurisdictional issues in this case. Multi-district litigation undoubtedly conserves judicial resources in many respects, but, in determining the threshold issue of jurisdiction, this Court concludes such an inquiry is fundamental to its purpose.

*Id. See also Hilbert*, 486 F.Supp.2d at 142 (denying Northrup Grumman's Motion to Stay because, among other reasons, the district court "is as qualified to evaluate the factors establishing federal jurisdiction as any other federal court" and because "[t]he issue is whether Northrup Grumman has met its burden of proving the elements of federal officer jurisdiction, not whether all manufacturers of products containing asbestos who sold such products to the Navy are entitled to invoke this Court's jurisdiction."). The fact that Northrup Grumman made the same motion just last year in the *Hilbert* case, which the District Court rejected, makes the motive behind this motion, as well as its timing, suspect. Plaintiffs should not be forced to suffer irreparable prejudice by having the issue of remand delayed when it is clear this Court has the authority and ability to expeditiously decide the issue of jurisdiction prior to transfer to MDL-875.

## IV. THE INTERESTS OF JUSTICE REQUIRE THIS COURT TO HEAR PLAINTIFFS' MOTION TO REMAND.

In addition to the authority granted by Panel Rule 1.5 and the requirement to undertake an independent assessment of jurisdiction, several courts have held that fundamental issues of fairness weigh against requiring a plaintiff, who is dying from mesothelioma, to litigate a CTO in MDL-875 before obtaining a determination as to threshold jurisdictional question. *See Hilbert*, 486 F.Supp.2d at 142 ("[T]his court finds no reason to require the plaintiffs to suffer the undeniable delays inherent in all MDL cases unless there is federal jurisdiction. To undergo

such a lengthy process to find out that there is no federal jurisdiction would be a travesty of justice given Mr. Hilbert's medical condition."); *see also Brewster v. A.W. Chesterton Company, et al.*, 2007 WL 1056774 at *4 (where a defendant in an asbestos case "removed th[e] action and almost immediately sought a stay of proceedings," the Court stated that it "will not abide such abuse of the removal process," given that defendant "did this with full knowledge that a stay of almost any length would eviscerate Mr. Brewster's chance at having his day before a jury.").

The strategic procedure chastised in the *Brewster* case is exactly what Northrup Grumman has done in this case: removed the case and sought a Stay of Proceedings before Plaintiffs can reasonably file their Motion to Remand.[3] Granting Northrup Grumman's Motion to Stay would only encourage and endorse Northrup Grumman's abuse of the removal process and cause undue prejudice to Plaintiffs, requiring Plaintiffs to litigate the transfer to MDL-875 before a determination of federal jurisdiction is made. Such a delay would undoubtedly eviscerate Mr. Seitz's chance of having his day before a jury.

## V. CONCLUSION

This Court has the authority and the responsibility to undertake an independent determination of federal jurisdiction prior to transfer to MDL-875. Failure to do so would result in irreparable harm to Plaintiffs. Therefore, Plaintiffs respectfully request that this Court deny Defendant Northrup Grumman's Motion to Stay proceedings in its entirety and request that the Court exercise its authority to hear Plaintiff's forthcoming Motion to Remand.

[*Signature on the following page*]

---

[3] As noted above, Northrup Grumman's Motion to Stay was filed on June 13, 2008, only one day after Northrup Grumman filed its Notice of Removal.

        Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

/s/__A. Dale Bowers___________________

Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiffs

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No. 3997245)
Sharon J. Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No. 4397188)
800 Third Avenue, 13th Floor
New York, New York 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: June 26, 2008

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION:<br><br>FREDERICK SEITZ and<br>MARY LOUISE SEITZ, his wife<br><br>Plaintiffs,<br><br>v.<br><br>ADEL WIGGINS GROUP, et al.,<br><br>Defendants. | C.A. No. 08-CV-0353 GMS |

ORDER

Having considered defendant Northrup Grumman Corporation's Motion for Stay of Proceedings, it is hereby ordered this __________ day of __________ 2008 that said motion is DENIED.

______________________________________
The Honorable Gregory M. Sleet

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2008, I caused service of a copy of the foregoing Plaintiffs' Opposition to Defendant Northrup Grumman Corporation's Motion for Stay of Proceedings on the following counsel of record and parties in the corresponding state court action, by U.S. Mail and/or e-file:

Christian J. Singewald, Esquire (E-FILE)
White & Williams
824 Market Street, Suite 902
Wilmington, Delaware 19801-4938

Beth Valocchi, Esquire (U.S. MAIL)
Swartz Campbell LLC
300 Delaware Avenue, Suite 1130
Wilmington, Delaware 19801

Loreto P. Rufo, Esquire (U.S. MAIL)
Rufo Associates, P.A.
7217 Lancaster Pike, Suite 4
Hockessin, Delaware 19701

Gary H. Kaplan, Esquire (E-FILE)
Armand J. Della Porta, Esquire
Ana Marina McCann, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1220 North Market Street, 5th Floor
Post Office Box 8888
Wilmington, Delaware 19899-8888

Lynne M. Parker, Esquire (E-FILE)
Holistein, Keating, Cattell,
Johnson & Goldstein
One Commerce Center, Suite 730
1201 North Orange Street
Wilmington, Delaware 19801

Daniel M. Silver, Esquire (E-FILE)
Noriss E. Cosgrove, Esquire
McCarter & English, LLP
405 North King Street, 8th Floor

Post Office Box 111
Wilmington, Delaware 19899

J. Michael Johnson, Esquire (U.S. MAIL)
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Post Office Box 588
Wilmington, Delaware 19899-0588

Jeffrey S. Marlin, Esquire (E-FILE)
Megan T. Mantzavinos, Esquire
Marks O'Neill O'Brien & Courtney, P.C.
913 North Market Street, Suite 800
Wilmington, Delaware 19801

Penelope B. O'Connell, Esquire (E-FILE)
Elzufon Austin Reardon Tarlov
& Mondell, P.A.
300 Delaware Avenue, Suite 1700
Post Office Box 1630
Wilmington, Delaware 19899-1630

Robert K. Beste, III, Esquire (E-FILE)
Smith, Katzenstein & Furlow
P.O. Box 410
Wilmington, DE  19899

Air Cooled Motors (U.S. MAIL)
94 Hale Dr.
Walterboro, SC  29488

CURTIS-Wright Corporation (U.S. MAIL)
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Goodrich Corporation. (U.S. MAIL)
c/o Corporation Service Company
2711 Centerville Road, Suite
Wilmington, Delaware 19808

Paul A. Bradley, Esquire (E-FILE)
Maron Marvel Bradley & Anderson, P.A.
1201 North Market Street, Suite 900
Post Office Box 288
Wilmington, Delaware 19899

Adel Wiggins Group (U.S. MAIL)
Attn: Officer/Agent
5000 Triggs Street
Los Angeles, California 90022

Aerojet General Corporation (U.S. MAIL)
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801

Fletch Air, Inc. (U.S. MAIL)
118 FM 1621
Comfort, TX 78013-3425

Franklin Aircraft Engines, Inc. (U.S. MAIL)
136 Racquette Dr.
Ft. Collis, CO 80524

Rolls Royce North America, Inc. (U.S. MAIL)
c/o Corporation Service Co.
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

/s/A. Dale Bowers

---

Joseph J. Rhoades, Esquire (Bar ID No. 2064)
A. Dale Bowers, Esquire (Bar ID No. 3932)
1225 King Street, 12th Flr.
P.O. Box 874
Wilmington, DE 19899
302-427-9500
Attorneys for Plaintiff

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esquire (NY ID No. 3997246)
Sharon J. Zinns, Esquire (CA ID No. 241476)
Amber R. Long, Esquire (NY ID No. 4397188)
800 Third Ave., 13th Flr.
New York, NY 10022

# EXHIBIT A

# PENROSE HOSPITAL

2222 N. NEVADA AVE.
COLORADO SPRINGS, CO, 80907

| Name: SEITZ,FREDERICK H | | | Specimen Number: PS08-4570 |
|---|---|---|---|
| Medical Record Number: RM07387442 | Account Number: RA0000064221 | Date of Birth: 05/20/1929 | Age: 78 |
| Ordering Physician: Mehall,John R MD | Phone #: (719)473-3550 | Gender: Male | Patient location: PH3EAST |
| Collection date: 03/28/08<br>Received date: 03/29/08 0716 | | | |

## SURGICAL PATHOLOGY

### SPECIMEN

A. PLEURA - 1. Right parietal pleura FS
B. PLEURA - 2. Right parietal pleura
C. PLEURA - 3. Right pleural nodule FS

### CLINICAL INFORMATION

Right pleural effusion

COPY TO: John Mehall, MD

### GROSS DESCRIPTION

The specimen is received in three parts, each labeled "Seitz, Frederick H."

The first part is received fresh in the frozen section room. It is further designated "right parietal pleura F.S." and consists of a 3.4 x 0.6 x 0.5 cm fragment of light glistening soft tissue which is entirely frozen as FSA1. Frozen section diagnosis by microscopic examination rendered by Drs. Franquemont and Sramek states "Favor mesothelioma." The entire specimen is placed in formalin and is now received in the gross room for permanent sectioning. All is submitted as (A1) with a request for keratin cocktail, Ber-EP4, B72.3, ESA, calretinin, and thrombomodulin.

The second part is received in formalin and is further designated "parietal pleura." The specimen consists of two sheet-like fragments of pink-tan to yellow tissue measuring 4.5 x 2.2 x 0.3 cm and 2.3 x 1.2 x 0.4 cm. Serial sectioning of the larger fragment reveals a pink-tan cut surface with a firm white nodule measuring 3 mm in diameter noted within the tissue. Serial sectioning of the smaller fragment reveals a tan-white cut surface with a poorly defined white nodule measuring 0.9 x 0.3 x 0.3 cm noted. The larger fragment is submitted as (B1). The smaller fragment is submitted as (B2).

The third part is received fresh in the frozen section room and is further designated "right pleural nodule F.S." The specimen consists of a 3.4 x 1.9 x 0.4 cm sheet of tan-pink membranous tissue containing a 6 mm white soft nodule. A representative portion is frozen as FSC1. Frozen section diagnosis by microscopic examination rendered by Dr. Franquemont states "Favor mesothelioma." The entire specimen is placed in formalin and is now received in the gross room for permanent sectioning. The previously frozen tissue is submitted as (C1). The remaining unfrozen tissue is entirely submitted as (C2). TAK/sl 3-30-08

Patient Name
SEITZ,FREDERICK H
Case Number
PS08-4570

Mehall,John R MD
2222 N Nevada Ave
Ste 4002
Colorado Springs, CO 80907

Copy For:

# PENROSE HOSPITAL

2222 N. NEVADA AVE.
COLORADO SPRINGSCO. 80907

## MICROSCOPIC DESCRIPTION

Each of the three right parietal pleura specimens demonstrate identical findings. There is a diffuse epithelioid malignant mesothelioma infiltrating throughout the parietal pleura. The tumor has solid, tubular, and papillary growth patterns. The tumor cells contain moderate amounts of amphophilic cytoplasm. The nuclei are enlarged and generally contain single prominent nucleoli. Mitotic figures are easily identified. The morphologic differential diagnosis includes malignant mesothelioma and adenocarcinoma.

Multiple immunohistochemical stains were performed. Each control section stained appropriately. The tumor cells are diffusely immunoreactive for keratin cocktail and calretinin, and approximately 40-50% of the tumor cells demonstrate membranous immunoreactivity for thrombomodulin. The tumor cells are negative for B72.3, ESA, and Ber-EP4. The keratin cocktail immunostain also highlights submesothelial reactive fibroblasts. I do not identify a sarcomatoid component to the mesothelioma. The immunohistochemical staining profile is characteristic of mesothelioma rather than adenocarcinoma.
DWF/sl 4-1-08

## FINAL DIAGNOSIS

PARIETAL PLEURA, RIGHT, BIOPSY
Epithelioid malignant mesothelioma.

PARIETAL PLEURA, RIGHT, BIOPSY
Epithelioid malignant mesothelioma.

PARIETAL PLEURA, RIGHT, BIOPSY
- Epithelioid malignant mesothelioma.

CPT CODES: 88305x3, 88331x2, 88342x6

DOUGLAS W FRANQUEMONT, MD
(Electronically signed by)
Verified: 04/01/08

Patient Name
SEITZ,FREDERICK H
Case Number
PS08-4570

Copy For

Mehall,John R MD
2222 N Nevada Ave
Ste 4002
Colorado Springs, CO 80907