**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: ASBESTOS LITIGATION: | ) | |
| | ) | |
| FREDERICK SEITZ and MARY | ) | |
| LOUISE SEITZ, his wife, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:08-cv-353 GMS |
| | ) | |
| -vs.- | ) | |
| | ) | |
| ADEL WIGGINS GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

# DEFENDANT NORTHROP GRUMMAN CORPORATION'S
# REPLY IN SUPPORT OF ITS MOTION FOR STAY OF PROCEEDINGS

---

Defendant Northrop Grumman Corporation (hereinafter "Northrop Grumman") hereby replies in support of its Motion For Stay of Proceedings and in response to plaintiffs Opposition to the same as follows:

## I.    INTRODUCTION

It is ironic that plaintiffs would call Northrop Grumman's Motion "suspect" due to the District of Massachusetts ruling in *Hilbert v. Aeroquip, Inc.*, 486 F.Supp.2d 135 (D.Mass. 2007). Indeed, the *Hilbert* ruling, as well as the ruling in *Brewster v. A.W. Chesterton Company*, 2007 WL 1056774 (N.D. Cal.), also heavily relied upon by plaintiffs in their brief, are not only distinguishable from the case at bar, but actually *support* Northrop Grumman's position on removal in this case. Therefore, it is incorrect for the plaintiffs to cite to these cases as support for their claim that Northrop Grumman has "abused the removal process." Moreover, plaintiffs

cannot claim prejudice as a result of any delay caused by Northrop Grumman, where Mr. Seitz testified on June 10, 2008, at a video trial deposition conducted by his counsel, that he knew the reason for the expedited testimony was because he would not survive to trial – and this was before any defendants sought removal. Therefore, Northrop Grumman's actions are not responsible for "eviscerat[ing] Mr. Seitz's chance of having his day before a jury." Finally, this Court not only has the authority to transfer this case to the MDL prior to ruling on any Motion to Remand, but has done so as recently as last year in a case similar to this.

## II.    THE *HILBERT* AND *BREWSTER* RULINGS SUPPORT NORTHROP GRUMMAN'S POSITION

Plaintiffs' reliance on the District of Massachusetts ruling in *Hilbert*, which is, of course, not binding on this Court, is misguided because (1) it intertwines its ruling on defendant's motion to stay with plaintiffs' motion to remand; and (2) expressly bases its remand ruling on facts wholly distinguishable from this case. *See Hilbert*, 486 F.Supp.2d at 142. *Hilbert* expressly distinguishes itself from cases that are indisputably removable based on the Federal Officer Removal Statute, 28 U.S.C. 1442(a)(1), by noting that "[t]he claims against Northrop are limited to claims for failure to warn." Indeed, the *Hilbert* Complaint expressly waived any theories of defective design regarding Navy vessels, limiting their theory to failure to warn. *Id.* at 138. The Court essentially concedes that removal is appropriate in an action alleging defective design or manufacture where the product was allegedly designed and/or manufactured for the United States Government pursuant to government specifications. The Court also concedes the law is unsettled as to whether the federal contractor defense has any application in a case based on a failure to warn. *Id.* at 143-44. Because the District of Massachusetts decided the defense

should not apply to a sole failure to warn claim, it denied the Motion to Stay and granted the Motion to Remand.

In stark contrast to *Hilbert*, Mr. and Mrs. Seitz do assert causes of action based on the design and manufacture of Northrop Grumman aircraft produced for the United States Government. *See* Complaint at ¶ 45 (Exh. A). Moreover, plaintiffs cannot now defeat removal by simply amending the Complaint. *Hilbert*, 486 F.Supp.2d at 138, fn. 1 (citing *Faul v. Owens-Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 658 (E.D. Tex. 1999). Thus, under the facts of *this* case, even the *Hilbert* court would likely rule in Northrop Grumman's favor.

Plaintiffs' reliance on the Northern District of California's ruling in *Brewster* is similarly misguided.  While remand was granted, this was because the very basis for removal was undermined by plaintiffs' express waiver of any liability based on exposure to a product the removing defendant produced for the government:

> ***First, it is true that had plaintiffs sought to recover for any injury caused by marine turbines manufactured by GE at the Navy's direction, the applicability of the defense would be plausible.  In such a situation, GE could assert the defense that it built the marine turbines at the Navy's direction and therefore, that GE should not be liable.  That is not the case at bar.*** Plaintiffs have waived expressly long ago any liability claim based on any exposure to a GE marine turbine.  GE, therefore, does not assert the federal-officer defense because of any claim made by plaintiffs. Rather GE contends it is a "defense" to co-defendant's attempt to allocate fault to GE . . ."

*Brewster*, 2007 WL 1056774 at *2.  Thus, under the facts of *this* case, once again, even the *Brewster* court would rule in Northrop Grumman's favor.

### III.    NORTHROP GRUMMAN'S DELAY WILL NOT PREJUDICE MR. SEITZ

Though plaintiffs also cite to *Brewster* to support their claim that a stay would prejudice

plaintiff, the ruling in that case relied upon a California statute that would have limited plaintiff's

damages if he were not to survive to trial. Here, plaintiff has all but conceded he will not survive

to trial, regardless of whether the case remains in State court, is removed to federal court or is

stayed for the limited time necessary to effectuate the transfer of this action to the MDL.

Plaintiff testified on June 10, 2008, at his video trial deposition[1] that he knew the reason his

counsel were conducting this deposition at this early juncture and on video was because he was

unlikely to survive to trial. Mr. Seitz provided this testimony before the case was removed to

federal court.

### IV.    A RULING ON JURISDICTION IS APPROPRIATE FOR THE MDL

Ironically, the *Hilbert* ruling is an ideal example of why this case should be stayed.

While the *Hilbert* Court ruled on the remand issue, it conceded the law was unsettled as to the

application of the federal officer removal defense in an asbestos case dealing with a government

specified product involving the issue of failure to warn. The very purpose behind the MDL

Panel is to avoid duplication of effort with unnecessary expenses by the parties, witnesses, and

their counsel and *to prevent inconsistent decisions* in all pending federal personal injury or

wrongful death asbestos actions not yet in trial, and for the just and efficient conduct of the

litigation. *In re Asbestos Prods. Liab. Litig.*, 771 F. Supp. at 415, 421-22 (J.P.M.L. 1991). As

further set forth in Northrop Grumman's Motion to Stay, coordination eliminates the potential

---

[1] A transcript for this deposition has not yet been published. Northrop Grumman will, however, supplement this Reply with cites to the transcript, once it is published, at the request of the Court.

for conflicting pretrial rulings. *See, e.g., In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997). And, thus, a majority of courts have concluded that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are curbed." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

## V.    THIS    COURT    HAS    SUSPENDED    ACTION    UNDER    IDENTICAL CIRCUMSTANCES

It is not only proper for the Court to permit this case to be transferred to the MDL before any rulings are made on jurisdiction, but this Court has done so as recently as last year in the *Harwood v. Bondex International*, C.A. No. 1:06-673, case. Northrop Grumman removed the *Harwood* case to the District of Delaware on the same grounds on November 2, 2006, immediately sought to transfer it to the MDL and filed a Motion to Stay the Proceedings, just as is it has in this case. *See* Harwood Docket (Exh. B). Despite plaintiffs' oppositions, the District of Delaware opted not to rule on matters and permitted its transfer to the MDL for further handling. *See id.;* Order of the MDL Panel (Exh. C).

## I.    CONCLUSION

For the reasons set forth in Northrop Grumman's Motion for Stay of the Proceedings and its Reply herein, and for the reasons set forth by numerous courts throughout the country that have entered a stay of all proceedings pending a decision on transfer to an MDL proceeding (*see* Exhibits 6-12 of Northrop Grumman's Motion), Northrop Grumman respectfully requests that this Court stay all proceedings in this matter pending transfer of this action by the J.P.M.L. to MDL-875 in the Eastern District of Pennsylvania.

ELZUFON AUSTIN REARDON TARLOV &
MONDELL, P.A.

/s/ *Penelope B. O'Connell*

Penelope B. O'Connell (DE #4898)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware 19899
(302) 428-3181

Nancy Shane Rappaport (DE #3428)
DLA Piper US LLP
1650 Market Street, Suite 4900
Philadelphia, PA 19103
(215) 656-3357

Attorneys for Defendant
Northrop Grumman Corporation

Date: June 30, 2008

# EXHIBITS TO REPLY MEMORANDUM

# EXHIBIT A

EFiled: Apr 25 2008 4:06PM EDT
Transaction ID 19576189
Case No. 08C-04-247 ASB

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

```
- - - - - - - - - - - - - - - - - - - - - - - - - - X
```

IN RE: ASBESTOS LITIGATION:                    :

FREDERICK SEITZ and                            :    C.A. No.
MARY LOUISE SEITZ, his wife
                                               :    COMPLAINT
            Plaintiffs,                        :
                                               :    ASBESTOS
            v.                                 :
                                               :    JURY TRIAL DEMANDED
ADEL WIGGINS GROUP;                            :

AEROJET-GENERAL CORPORATION;                   :

AIR COOLED MOTORS;                             :

BELL HELICOPTER TEXTRON INC.;                  :

THE BOEING COMPANY;                            :

CBS CORPORATION (f/k/a Viacom Inc.,            :
successor by merger to CBS Corporation,
f/k/a Westinghouse Electric Corporation);      :

CESSNA AIRCRAFT RHODE ISLAND                   :
INC.;                                          :

CURTISS-WRIGHT CORPORATION;                    :

FLETCHAIR, INC.;                               :

FRANKLIN AIRCRAFT ENGINES, INC.;               :
                                               :
GARLOCK SEALING TECHNOLOGIES                   :
LLC (successor by merger to Garlock, Inc.);    :

GENERAL ELECTRIC COMPANY;                      :

GENERAL MOTORS CORPORATION;                    :

GOODRICH CORPORATION, A NEW                    :
YORK CORPORATION (f/k/a B.F.                    :
Goodrich Company);                             :

THE GOODYEAR TIRE & RUBBER                     :

COMPANY;                                          :

HAWKER BEECHCRAFT, INC.                           :
(f/k/a Raytheon Aircraft Company);               :
                                                  :
HONEYWELL INTERNATIONAL INC.                      :
(f/k/a Alliedsignal, Inc., as successor-in-      :
interest to The Bendix Corporation);             :

IMO INDUSTRIES INC.;                             :

LYCOMING ENGINES;                               :
                                                  :
NORTHROP GRUMMAN                                  :
CORPORATION;                                      :
                                                  :
PARKER-HANNIFIN CORPORATION;                     :
                                                  :
PRATT & WHITNEY                                   :
ROCKETDYNE, INC. (f/k/a Pratt &                  :
Whitney Aircraft Company);                        :
                                                  :
RAYTHEON COMPANY;                               :
                                                  :
ROLLS-ROYCE NORTH AMERICA INC; :

SIKORSKY AIRCRAFT CORPORATION; :
                                                  :
TELEDYNE CONTINENTAL MOTORS,                      :
INC.,                                             :
                                                  :
TEXTRON INC.;                                    :
                                                  :
UNION CARBIDE CORPORATION;                       :
                                                  :
UNITED TECHNOLOGIES                               :
CORPORATION;                                      :
                                                  :
VOUGHT AIRCRAFT                                   :
INDUSTRIES, INC.;                                :
                                                  :
         Defendants.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

Come now Plaintiffs, FREDERICK SEITZ and MARY LOUISE SEITZ, by and through their attorneys, THE LAW OFFICE OF JOSEPH J. RHOADES and LEVY PHILLIPS & KONIGSBERG LLP, and in support of their claims against the Defendants, state as follows:

1.     Plaintiff FREDERICK SEITZ's full name is FREDERICK HENRY SEITZ.  He was born on May 20, 1929 and his Social Security number is 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.

2.     Plaintiff FREDERICK SEITZ and his wife MARY LOUISE SEITZ have resided at 2815 Sage Street, Colorado Springs, Colorado 80907 since approximately 1985. FREDERICK SEITZ's former residences include but are not limited to: 15190 E. Coachman, Colorado Springs, Colorado from approximately 1977 to 1985; in or around Fargo, North Dakota in approximately 1975; in or around Jamestown, North Dakota from approximately 1974 to 1975; 306 Lake Shore Drive, Lakeville, Minnesota from approximately 1969 to 1974; in or around Kansas City, Missouri from approximately 1967 to 1969; Palo Circle, Arbutus, Maryland from approximately 1966 to 1967; Marine Corps Air Base, New River, North Carolina in approximately 1965; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1961 to 1964; in or around Quantico, Virginia in approximately 1961; Wellham Avenue, Glen Burnie, Maryland from approximately 1960 to 1961; Marine Corps Air Base, New River, North Carolina from approximately 1957 to 1959; Ellyson Field, Florida in approximately 1957; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1955 to 1957; in or around Pensacola, Florida from approximately 1952 to 1955; 239 Meadow Road, Baltimore, Maryland from approximately 1951 to 1952; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1950 to 1951; in or around Pensacola, Florida from approximately 1949 to 1950; Marine Corps Air Base, Cherry Point, North Carolina from approximately 1947 to

1948; in or around Woodbridge, Virginia from approximately 1946 to 1947; in or around Paris Island, South Carolina in approximately 1946; 317 Edison Street, Brooklyn Park, Maryland from approximately 1936 to 1946; in or around Brooklyn, Maryland from approximately 1934 to 1936; East of Patterson Park, Baltimore, Maryland from approximately 1931 to 1934; and Bradley Alley, Baltimore, Maryland from approximately 1929 to 1931. Additionally, FREDERICK SEITZ was deployed to various locations overseas during the Korean and Vietnam wars.

3.     FREDERICK SEITZ was employed at Central Arizona Aviation, located at Falcon Field, Mesa, Arizona, as a Supervisor and Manager from approximately 1986 to 1988; at IDS, located at 2345 N. Academy, Colorado Springs, Colorado, as an Investment Advisor from approximately 1977 to 1981; at Dakota Bake and Serve, located in Jamestown, North Dakota, as an Executive Staff Chief Pilot, Aircraft Maintenance and Support from approximately 1974 to 1976; at Imperial Airways, located in St. Paul, Minnesota as an Executive Vice President from approximately 1969 to 1973; at Bell Helicopter, located in Kansas City, Missouri as a Commercial Regional Marketing Manager, from approximately 1967 to 1969; in the United States Marine Corps, at the various previously listed locations, as a Mechanic and Pilot, from approximately 1946 to 1967; and in the United States Coast Guard, located at the Curtis Bay Coast Guard Station, Baltimore, Maryland as an Electrician Apprentice in approximately 1944.

4.     Plaintiff FREDERICK SEITZ attended Aviation Mechanical School training program, Quantico, Virginia in approximately 1946. Plaintiff's Aviation and Mechanical training included complete maintenance and repair of United States Marine Corps aircrafts, including but not limited to replacing and repairing brakes, gaskets, wiring, engines and fire sleeving.

5.      One or more defendants are citizens of the State of Delaware, and this action is not properly removable on any jurisdictional basis.

6.      Defendant Adel Wiggins Group is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 <u>Del</u>. <u>C</u>. § 3104(c) by service upon the Secretary of State of the State of Delaware. Adel Wiggins Group's address for receipt of process is Attn: Officer/Agent, 5000 Triggs Street, Los Angeles, CA 90022.

7.      Defendant Aerojet – General Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.      Defendant Air Cooled Motors is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 <u>Del</u>. <u>C</u>. § 3104(c) by service upon the Secretary of State of the State of Delaware. Air Cooled Motor's address for receipt of process is 94 Hale Drive, Walterboro, SC 29488.

9.      Defendant Bell Helicopter Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.     Defendant The Boeing Company is a Delaware corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

11.     Defendant CBS Corporation (f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation) is a Delaware corporation whose

{00115286.DOC}

registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

12.     Defendant Cessna Aircraft Rhode Island Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

13.     Defendant Curtiss-Wright Corporation a Delaware Corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

14.     Defendant FletchAir, Inc., is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  FletchAir, Inc.'s address for receipt of process is Attn: Officer/Agent, 118 FM 1621, Comfort, TX 78013-3425.

15.     Defendant Franklin Aircraft Engines, Inc. is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 Del. C. § 3104(c) by service upon the Secretary of State of the State of Delaware.  Franklin Aircraft Engines, Inc.'s address for receipt of process is Attn: Officer/Agent, Ft. Collins, CO 80524.

16.     Defendant Garlock Sealing Technologies LLC (successor by merger to Garlock, Inc.) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17.     Defendant General Electric Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware

{00115286.DOC}

is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18.    Defendant General Motors Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

19.    Defendant Goodrich Corporation, A New York Corporation, (f/k/a B.F. Goodrich Company) is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

20.    Defendant The Goodyear Tire & Rubber Company is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

21.    Defendant Hawker Beechcraft, Inc. (f/k/a Raytheon Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.    Defendant Honeywell International Inc. (f/k/a Alliedsignal, Inc., as successor-in-interest to The Bendix Corporation) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

23.    Defendant IMO Industries Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

24.     Defendant Lycoming Engines is a foreign business entity doing business in the State of Delaware and subject to service of process pursuant to 10 <u>Del</u>. <u>C</u>. § 3104(c) by service upon the Secretary of State of the State of Delaware. Lycoming Engines' address for receipt of process is Attn: Officer/Agent, 652 Oliver Street, Williamsport, PA 17701.

25.     Defendant Northrop Grumman Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

26.     Defendant Parker-Hannifin Corporation is a foreign business entity doing business in the State of Delaware.  Its registered agent for service of process within the State of Delaware The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

27.     Defendant Pratt & Whitney RocketDyne, Inc. (f/k/a Pratt & Whitney Aircraft Company) is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

28.     Defendant Raytheon Company is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

29.     Defendant Rolls-Royce North America Inc. is a Delaware Corporation whose registered agent for service of process is Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

30.    Defendant Sikorsky Aircraft Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

31.    Defendant Teledyne Continental Motors, Inc. is a Delaware corporation whose registered agent for service of process is National Corporate Research, Ltd. located at 615 South DuPont Highway, Dover, DE 19901.

32.    Defendant Textron Inc., is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

33.    Defendant Union Carbide Corporation is a foreign business entity doing business in the State of Delaware. Its registered agent for service of process within the State of Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

34.    Defendant United Technologies Corporation is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

35.    Defendant Vought Aircraft Industries, Inc. is a Delaware corporation whose registered agent for service of process is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

36.    All Defendants herein were at all times pertinent, directly or indirectly engaged in the specification, mining, manufacturing, distribution, sales, licensing, leasing, installation, removal or use of asbestos and asbestos-containing products.[1]   They were also engaged in the

---

[1] Throughout this Complaint, Plaintiff's references to "asbestos containing products" includes asbestos, asbestos-

{00115286.DOC}

development, manufacture, distribution, sales, licensing or leasing of equipment, procedures, or

technology necessary to mine, manufacture, sell, distribute, install, remove and use asbestos and

asbestos-containing products.

37.    FREDERICK SEITZ was wrongfully exposed to and inhaled, ingested or

otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, emanating from

certain products he was working with and around, as described below:

a. FREDERICK SEITZ was exposed to asbestos occupationally in the course of his
employment as an electrician apprentice, mechanic, and a pilot at the above listed
locations from approximately 1944 to 1970. He was exposed to asbestos from a
variety of aircraft mechanical asbestos containing products including but not limited
to: brakes, clamps, engines and engine parts, and gaskets.

b. FREDERICK SEITZ was exposed to asbestos non-occupationally (i.e. household
exposure) while performing maintenance and repair work on his own personal
aircrafts throughout his life. He was exposed to asbestos from a variety of aircraft
mechanical asbestos containing products including but not limited to: brakes, clamps,
engines and engine parts, and gaskets.

c. FREDERICK SEITZ may have been further exposed to asbestos in such a manner as
further investigation and/or discovery may uncover.


FREDERICK SEITZ was exposed to asbestos and asbestos-containing products which

were manufactured, sold, distributed, or installed by the Defendants: ADEL WIGGINS GROUP;

AEROJET-GENERAL CORPORATION; AIR COOLED MOTORS; BELL HELICOPTER

TEXTRON INC.; THE BOEING COMPANY; CBS CORPORATION (f/k/a Viacom Inc.,

successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation); CESSNA

AIRCRAFT RHODE ISLAND INC.; CURTISS-WRIGHT CORPORATION; FLETCHAIR,

INC.; FRANKLIN AIRCRAFT ENGINES, INC.; GARLOCK SEALING TECHNOLOGIES

LLC (successor by merger to Garlock, Inc.); GENERAL ELECTRIC COMPANY; GENERAL

---

containing products, products designed to be used with asbestos-containing products, and/or products that it was
foreseeable would be used with asbestos-containing products.

MOTORS CORPORATION; GENUINE PARTS COMPANY; GOODRICH CORPORATION,

A NEW YORK CORPORATION (f/k/a B.F. Goodrich Company); THE GOODYEAR TIRE &

RUBBER COMPANY; HAWKER BEECHCRAFT, INC. (f/k/a Raytheon Aircraft Company);

HONEYWELL INTERNATIONAL INC. (f/k/a Alliedsignal, Inc., as successor-in-interest to

The Bendix Corporation); IMO INDUSTRIES INC.; LYCOMING ENGINES; NORTHROP

GRUMMAN CORPORATION; PARKER-HANNIFIN CORPORATION; PRATT &

WHITNEY ROCKETDYNE, INC. (f/k/a Pratt & Whitney Aircraft Company); RAYTHEON

COMPANY; ROLLS-ROYCE NORTH AMERICA INC; SIKORSKY AIRCRAFT

CORPORATION; TELEDYNE CONTINENTAL MOTORS, INC.; TEXTRON INC.; UNION

CARBIDE CORPORATION; UNITED TECHNOLOGIES CORPORATION; and VOUGHT

AIRCRAFT INDUSTRIES, INC.

38.     At all times herein set forth, the Defendants' products were being employed in the

manner and for the purposes for which they were intended.

39.     FREDERICK SEITZ's exposure to and inhalation, ingestion or absorption of

asbestos fibers emanating from the use of the above-mentioned products was completely

foreseeable and could or should have been anticipated by the Defendants.

40.     The Defendants knew or should have known that the asbestos fibers contained in

their products and/or the products with which their products were designed to be used had a

toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or

otherwise absorbing them.

41.     FREDERICK SEITZ suffers from an asbestos-related disease(s), including but

not limited to mesothelioma. FREDERICK SEITZ first became aware that he suffered from said

disease(s) in approximately March of 2008 and subsequently thereto, became aware that the

{00115286.DOC}

same was wrongfully caused. As a result of developing mesothelioma, FREDERICK SEITZ has

endured and continues to endure great physical pain and suffering, mental anguish and emotional

pain and suffering. Further, as a result of Defendants' wrongful conduct, FREDERICK SEITZ is

required to receive and receives medical treatment to mitigate his asbestos related disease,

incurring reasonable and necessary costs for medical care, diagnosis and treatment.

**COUNT I**

**NEGLIGENCE**

42.    The allegations in paragraphs One (1) through Forty One (41) above are realleged

and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon

the substantive law of the State of North Carolina or such law as the Court holds to be

applicable.

43.    At all times herein relevant, the Defendants had a duty to exercise reasonable care

and caution for the safety of FREDERICK SEITZ and others working with and around the

Defendants' asbestos containing products.

44.    The Defendants knew or should have known that the asbestos fibers contained in

their products had a toxic, poisonous, and highly deleterious effect upon the health of persons

inhaling, ingesting or otherwise absorbing them.

45.    The Defendants were negligent in that they failed to exercise ordinary care and

caution for the safety of FREDERICK SEITZ in one or more of the following respects:

    a.    Included asbestos in their products, even though it was completely
foreseeable and could or should have been anticipated that persons such as
FREDERICK SEITZ, working with and around them would inhale, ingest
or otherwise absorb asbestos;

    b.    Included asbestos in their products when the Defendants knew or should
have known that said asbestos would have a toxic, poisonous and highly

{00115286.DOC}

deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

c.    Included asbestos in their products when adequate substitutes for the asbestos in them were available;

d.    Failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

e.    Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.    Failed to conduct tests on the asbestos containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with or around the products; and,

g.    Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

46.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, FREDERICK SEITZ was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing FREDERICK SEITZ to develop the asbestos disease aforesaid, which has disabled and disfigured FREDERICK SEITZ; FREDERICK SEITZ has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; and FREDERICK SEITZ has in the past and will in the future experience great physical pain and mental anguish as a result of his asbestos-induced disease and conditions.

## COUNT II

## WILLFUL AND WANTON CONDUCT

47.    The allegations in paragraphs One (1) through Forty Six (46) above are realleged and incorporated by reference within this Count. Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

48.    The Defendants had a duty to refrain from willful and wanton acts or omissions which would harm FREDERICK SEITZ.

49.    Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

       a.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as FREDERICK SEITZ working with or around their products, would inhale, ingest or otherwise absorb asbestos;

       b.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

       c.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, included asbestos in their products when adequate substitutes for the asbestos in them was available;

       d.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate warnings to persons working with and around their products of the dangers of inhaling, ingesting or otherwise absorbing asbestos fibers in them;

       e.    Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to provide any or adequate instructions concerning the safe methods of working with and around their products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

f.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which persons such as FREDERICK SEITZ might be exposed while working with and around the products;

g.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to adequately label, warn, package, market, distribute, install, remove, or use asbestos in a reasonable manner which would minimize or eliminate the escape of asbestos dust fibers, therefore adding to the exposure of FREDERICK SEITZ and others similarly situated;

h.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, failed to take adequate steps to remedy the above failures, including but not limited to (1) failure to recall or require removal of asbestos and asbestos products, coupled with (2) ongoing failure to conduct research as to how to cure or minimize asbestos injuries and how to use, install, or distribute asbestos so as to render it safe, and (3) failure to promptly and safely remove the asbestos now in place; and,

i.     Intentionally or with reckless disregard for the safety of FREDERICK SEITZ, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of asbestos-containing replacement components.

50.     As a direct and proximate result of one or more of the foregoing actions and/or omissions of Defendants, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

51.     In addition to compensatory damages, an award of punitive damages is appropriate and necessary in order to punish Defendants for their willful, wanton, intentional and/or reckless misconduct and to deter each Defendant and others similarly situated from engaging in like misconduct in the future.

{00115286.DOC}

## COUNT III

## STRICT PRODUCT LIABILITY

52.    The allegations in paragraphs One (1) through Fifty One (51) above are realleged and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

53.    The Defendants placed their asbestos and asbestos-containing products on the market and knew or should have known they would be used without inspection for defects.

54.    When their asbestos and asbestos-containing products left the Defendants' possession and were placed on the market they were defective in that, when used in the intended or reasonably foreseeable manner, they were not reasonably safe for their intended use, they failed to perform as safely as would be expected by an ordinary user or consumer and/or created a risk of harm beyond that which would be contemplated by the ordinary user or consumer.

55.    As a direct and proximate result of using Defendants' asbestos and asbestos containing products for the general purpose for which they were designed and intended, FREDERICK SEITZ was exposed to asbestos and was injured as described herein.

## COUNT IV

## LOSS OF CONSORTIUM

56.    The allegations in paragraphs One (1) through Fifty Five (55) above are realleged and incorporated by reference within this Count.  Plaintiffs' recovery herein is predicated upon the substantive law of the State of North Carolina or such law as the Court holds to be applicable.

57.    Plaintiff FREDERICK SEITZ is married to Plaintiff MARY LOUISE SEITZ. As a result of Defendants' wrongful conduct which caused her husband's above stated asbestos-related disease and problems, Plaintiff MARY LOUISE SEITZ has suffered and will continue in the future to suffer a loss of the support, consortium and society of her husband, together with related mental anguish and pain and suffering.

**WHEREFORE,** Plaintiffs FREDERICK SEITZ and MARY LOUISE SEITZ pray this Court to enter judgment against Defendants and to award: compensatory damages in an amount to be proved at trial, but believed to exceed $100,000; and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JOSEPH J. RHOADES

By: /s/ A. Dale Bowers
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 North King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

-and-

LEVY PHILLIPS & KONIGSBERG, LLP
Jerome H. Block, Esq. (NY Id. No.3997145)
Sharon Zinns, Esq. (CA Id. No. 241476)
Amber R. Long, Esq. (NY Id. No.4397188)
800 Third Avenue, 13th Floor
New York, NY 10022
Phone: (212) 605-6200
Fax: (212) 605-6290

Dated: April 25, 2008

{00115286.DOC}

# EXHIBIT B

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

April 19, 2007

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Order)

Dear Counsel:

For your information, I am enclosing a copy of an order filed today by the Panel in the above-captioned matter.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Teresa Bishop_
Deputy Clerk

Enclosure

JPML Form 34B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 9 2007

FILED
CLERK'S OFFICE

### DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA,* JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in three actions pending in the District of Delaware, the Middle District of Louisiana, and the District of Maryland, respectively, and twenty actions pending in the Southern District of Mississippi. Movants ask the Panel to vacate the respective portions of its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge James T. Giles.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique

---

\*    Judges Motz and Scirica took no part in the disposition of this matter.

[1]    Certain plaintiffs have argued that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 2 -

claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under the stewardship of the transferee court, as of April 1, 2007, i) over 74,500 actions have been closed in the transferee district, and ii) over 1,350 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

### District of Delaware

*Lillian Harwood, et al. v. Bondex International Inc., et al.*, C.A. No. 1:06-673

### Middle District of Louisiana

*Cletus Brewer v. Noble Drilling Corp., et al.*, C.A. No. 3:06-458

### District of Maryland

*Joyce Liming, etc. v. ACandS, Inc., et al.*, C.A. No. 1:06-3280

### Southern District of Mississippi

*Brandon Kaye Polk v. Phillips 66 Co., et al.*, C.A. No. 1:06-383
*Daniel Livingston v. Phillips 66 Co., et al.*, C.A. No. 1:06-384
*Ralph T. McPhail v. Phillips 66 Co., et al.*, C.A. No. 1:06-1146
*Willie Lee Daniels v. Phillips 66 Co., et al.*, C.A. No. 1:06-1199
*Harvey E. Broom v. Phillips 66 Co., et al.*, C.A. No. 1:06-1200
*Rolland Dearman v. Phillips 66 Co., et al.*, C.A. No. 1:06-1201
*Clinton L. Brady v. Phillips 66 Co., et al.*, C.A. No. 1:06-1202
*Deloice Bullock v. Phillips 66 Co., et al.*, C.A. No. 1:06-1203
*Eliel K. Mounteer, Sr. v. Phillips 66 Co., et al.*, C.A. No. 1:06-1204
*Terry Wallace v. Phillips 66 Co., et al.*, C.A. No. 1:06-1205
*Ray C. Rawls v. Phillips 66 Co., et al.*, C.A. No. 1:06-1206
*Lonnie Newsom v. Phillips 66 Co., et al.*, C.A. No. 1:06-1207
*George Dixon v. Phillips 66 Co., et al.*, C.A. No. 1:06-1208
*Ted L. Piner v. Phillips 66 Co., et al.*, C.A. No. 1:06-1209
*Henry A. Herring v. Phillips 66 Co., et al.*, C.A. No. 1:06-1210
*Joseph Crawford v. Phillips 66 Co., et al.*, C.A. No. 1:06-1211
*Dan Mack Daughdrill v. Phillips 66 Co., et al.*, C.A. No. 1:06-1212
*Tony N. Thomas v. Phillips 66 Co., et al.*, C.A. No. 1:06-1213
*Patrick Curd v. Phillips 66 Co., et al.*, C.A. No. 1:06-1214
*Louie T. Elmer v. Phillips 66 Co., et al.*, C.A. No. 1:06-1215

# EXHIBIT C

ASBESTOS-MDL-875, CLOSED

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:06-cv-00673-***-MPT**


Harwood et al v. Bondex International Inc. et al
Assigned to: Vacant Judgeship
Referred to: Judge Mary Pat Thynge
Demand: $100,000
Related Case: 1:91-mc-00126-UNA
Case in other court:  Superior CT/DE/New Castle County,
        06C-08-00224
Cause: 28:1441 Notice of Removal-Asbestos Litigation

Date Filed: 11/02/2006
Date Terminated: 04/03/2007
Jury Demand: Plaintiff
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

**Plaintiff**

**Lillian Harwood**                     represented by  **Garvan F. McDaniel**
                                                         Bifferato Gentilotti LLC
                                                         800 N. King Street
                                                         Plaza Level
                                                         Wilmington, DE 19801
                                                         (302) 429-1900
                                                         Email: gmcdaniel@bglawde.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Plaintiff**

**James Harwood**                       represented by  **Garvan F. McDaniel**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Bondex International Inc.**            represented by  **Ana Marina McCann**
                                                         Marshall, Dennehey, Warner, Coleman
                                                         & Goggin
                                                         1220 N. Market St., Suite 500
                                                         P.O. Box 8888
                                                         Wilmington, DE 19899
                                                         (302) 552-4300
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Armand J. Della Porta, Jr.**
Marshall, Dennehey, Warner, Coleman
& Goggin
1220 N. Market St., Suite 500
P.O. Box 8888
Wilmington, DE 19899
(302) 552-4323
Fax: (302)651-7905
Email: ajdellaporta@mdwcg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Certain-Teed Corporation**          represented by **Beth E. Valocchi**
Valocchi & Sasso, P.A.
3513 Concord Pike
Suite 2000
Wilmington, DE 19803
(302) 477-9415
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ford Motor Company**          represented by **Christian J. Singewald**
White & Williams
824 Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
(302) 654-0424
Email:
singewaldc@whiteandwilliams.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Foster Wheeler Energy Corp.**          represented by **Megan Trocki Mantzavinos**
Marks, O'Neill, O'Brien & Courtney,
P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801
(302) 658-6538
Email: mmantzavinos@mooclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Inc.**

**Defendant**

**General Electric Company**                        represented by **Lynne M. Parker**
                                                                    Hollstein, Keating, Cattell, Johnson &
                                                                    Goldstein, P.C.
                                                                    12th & Orange St.
                                                                    Suite 730, One Commerce Center
                                                                    Wilmington, DE 19801
                                                                    (302) 884-6700
                                                                    Email: lparker@hollsteinkeating.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**General Motors Corporation**                      represented by **Christian J. Singewald**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc.**

**Defendant**

**Ingersoll-Rand Company**                          represented by **Megan Trocki Mantzavinos**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**John Crane Inc.**

**Defendant**

**Metropolitan Life Insurance
Company**                                           represented by **Timothy Andrew Dillon**
                                                                    Salmon Ricchezza Singer & Turchi
                                                                    LLP
                                                                    222 Delaware Avenue, 11th Floor
                                                                    Wilmington, DE 19801
                                                                    (302) 655-4290
                                                                    Email: tdillon@srstlaw.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Northrop Grumman Corporation**                    represented by **Mark L. Reardon**
                                                                    Elzufon Austin Reardon Tarlov &
                                                                    Mondell, P.A.
                                                                    300 Delaware Avenue, Suite 1700
                                                                    P.O. Box 1630
                                                                    Wilmington, DE 19899-1630
                                                                    (302) 428-3181
                                                                    Fax: (302) 428-3180
                                                                    Email: mreardon@elzufon.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Philips Electronics North America Corporation**

**Defendant**

**RPM International Inc.**                    represented by    **Ana Marina McCann**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Armand J. Della Porta, Jr.**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**RPM Inc.**

**Defendant**

**T.H. Agriculture & Nutrition LLC**
*successor to Thompson Hayward
Chemical Co. Inc.*

**Defendant**

**Union Carbide Corporation**

**Defendant**

**Westinghouse Electric Corporation**        represented by    **Beth E. Valocchi**
*n/k/a Viacom Inc.*                                             (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/02/2006 | 1 | NOTICE OF REMOVAL and copies of documents from Superior Court of the State of Delaware in and for New Castle County, Case Number 06C-08-224 (Filing fee $350, receipt number 145268)- filed by Northrop Grumman Corporation. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Civil Cover Sheet) (ead, ) (Entered: 11/03/2006) |
| 11/02/2006 |   | DEMAND for Trial by Jury by Lillian Harwood, James Harwood. (ead, ) (Entered: 11/03/2006) |
| 11/02/2006 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (ead, ) (Entered: 11/03/2006) |
| 11/02/2006 | 3 | MOTION for Stay of Proceedings and for Extension of Time to Answer or |

| | | |
|---|---|---|
| | | Otherwise Plead. - filed by Northrop Grumman Corporation. (ead, ) (Entered: 11/03/2006) |
| 11/02/2006 | 4 | MEMORANDUM in Support re 3 MOTION to Stay re 1 Notice of Removal, filed by Northrop Grumman Corporation. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11)(ead, ) (Entered: 11/03/2006) |
| 11/08/2006 | | Case assigned to Judge Kent A. Jordan. Please include the initials of the Judge (KAJ) after the case number on all documents filed. (rjb) (Entered: 11/08/2006) |
| 11/08/2006 | 5 | MOTION to Remand to State Court - filed by Lillian Harwood, James Harwood. (Attachments: # 1 Proposed Order# 2 Exhibit Exhibit A - Complaint# 3 Exhibit Exhibit B - Proof of Service# 4 Exhibit Exhibit C - Answers to Interrogatories# 5 Certificate of Service)(McDaniel, Garvan) (Entered: 11/08/2006) |
| 11/08/2006 | 6 | OPENING BRIEF in Support re 5 MOTION to Remand to State Court filed by Lillian Harwood, James Harwood.Answering Brief/Response due per Local Rules is 11/27/2006. (Attachments: # 1 Exhibit Exhibit A - Complaint# 2 Exhibit Exhibit B - Proof of Service# 3 Exhibit Exhibit C - Answers to Interrogatories# 4 Exhibit Unreported Cases# 5 Certificate of Service) (McDaniel, Garvan) (Entered: 11/08/2006) |
| 11/08/2006 | 7 | MOTION to Expedite *Consideration of Plaintiffs' Motion to Remand to State Court* - filed by Lillian Harwood, James Harwood. (Attachments: # 1 Proposed Order# 2 Certificate of Service)(McDaniel, Garvan) (Entered: 11/08/2006) |
| 11/08/2006 | 8 | OPENING BRIEF in Support re 7 MOTION to Expedite *Consideration of Plaintiffs' Motion to Remand to State Court* filed by Lillian Harwood, James Harwood.Answering Brief/Response due date per Local Rules is 11/27/2006. (Attachments: # 1 Certificate of Sercice)(McDaniel, Garvan) (Entered: 11/08/2006) |
| 11/10/2006 | 9 | ANSWERING BRIEF in Opposition re 3 MOTION to Stay re 1 Notice of Removal, filed by Lillian Harwood, James Harwood.Reply Brief due date per Local Rules is 11/20/2006. (Attachments: # 1 Exhibit Unreported Cases# 2 Certificate of Service)(McDaniel, Garvan) (Entered: 11/10/2006) |
| 11/14/2006 | 10 | MOTION for Pro Hac Vice Appearance of Attorney William A. Kohlburn - filed by Lillian Harwood, James Harwood. (Attachments: # 1 Proposed Order# 2 Affidavit Certification of William Kohlburn# 3 Certificate of Service) (McDaniel, Garvan) (Entered: 11/14/2006) |
| 11/20/2006 | | SO ORDERED, re 10 MOTION for Pro Hac Vice Appearance of Attorney William A. Kohlburn filed by James Harwood, Lillian Harwood. Signed by Judge Kent A. Jordan on 11/20/06. (rwc) (Entered: 11/20/2006) |
| 11/20/2006 | 11 | ANSWERING BRIEF in Opposition re 5 MOTION to Remand to State Court filed by Northrop Grumman Corporation.Reply Brief due date per Local Rules is 12/1/2006. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B-1# 3 Exhibit Exhibit B-2# 4 Exhibit Exhibit C-1# 5 Exhibit Exhibit C-2# 6 Exhibit |

| | | |
|---|---|---|
| | | Exhibit C-3# <u>7</u> Exhibit Exhibit C-4# <u>8</u> Exhibit Exhibit C-5# <u>9</u> Exhibit Exhibit D-1# <u>10</u> Exhibit Exhibit D-2# <u>11</u> Exhibit Exhibit D-3# <u>12</u> Exhibit Exhibit D-4# <u>13</u> Exhibit Exhibit D-5# <u>14</u> Exhibit Exhibit D-6# <u>15</u> Exhibit Exhibit D-7# <u>16</u> Exhibit Exhibit D-8# <u>17</u> Exhibit Exhibit D-9# <u>18</u> Exhibit Exhibit E# <u>19</u> Exhibit Exhibit F-1# <u>20</u> Exhibit Exhibit F-2# <u>21</u> Exhibit Exhibit F-3# <u>22</u> Exhibit Exhibit F-4# <u>23</u> Exhibit Exhibit F-5# <u>24</u> Exhibit Exhibit F-6# <u>25</u> Exhibit Exhibit F-7# <u>26</u> Exhibit Exhibit F-8# <u>27</u> Exhibit Exhibit F-9# <u>28</u> Exhibit Exhibit F-10# <u>29</u> Exhibit Exhibit F-11# <u>30</u> Exhibit Exhibit F-12# <u>31</u> Exhibit Exhibit F-13# <u>32</u> Exhibit Exhibit F-14# <u>33</u> Exhibit Exhibit G-1# <u>34</u> Exhibit Exhibit G-2)(Reardon, Mark) (Entered: 11/20/2006) |
| 11/20/2006 | <u>12</u> | MEMORANDUM in Opposition re <u>7</u> MOTION to Expedite *Consideration of Plaintiffs' Motion to Remand to State Court* filed by Northrop Grumman Corporation.Reply Brief due date per Local Rules is 12/1/2006. (Reardon, Mark) (Entered: 11/20/2006) |
| 11/28/2006 | <u>13</u> | REQUEST for Oral Argument by Northrop Grumman Corporation re <u>5</u> MOTION to Remand to State Court. (Reardon, Mark) (Entered: 11/28/2006) |
| 11/29/2006 | <u>14</u> | STIPULATION TO EXTEND TIME to file Reply Brief regarding Motion to Remand to State Court to 12/4/06 - filed by Lillian Harwood, James Harwood. (Attachments: # <u>1</u> Proposed Order)(McDaniel, Garvan) (Entered: 11/29/2006) |
| 11/29/2006 | <u>15</u> | ORDER - granting <u>14</u> STIPULATION TO EXTEND TIME to file Reply Brief regarding Motion to Remand to State Court to 12/4/06 - reset Briefing Schedule: re <u>5</u> MOTION to Remand to State Court. Reply Brief due 12/4/2006. Signed by Judge Kent A. Jordan on 11/29/06. (rwc) (Entered: 11/29/2006) |
| 12/04/2006 | <u>16</u> | REPLY BRIEF re <u>5</u> MOTION to Remand to State Court filed by Lillian Harwood, James Harwood. (McDaniel, Garvan) (Entered: 12/04/2006) |
| 12/07/2006 | <u>17</u> | REQUEST for Oral Argument by Northrop Grumman Corporation re <u>5</u> MOTION to Remand to State Court. (Reardon, Mark) (Entered: 12/07/2006) |
| 12/15/2006 | <u>18</u> | Letter dated 12/11/06 to the Honorable James T. Giles from Clerk, Judicial Panel on Multi-District Litigation regarding transfer of action to USDC/EDPA. (Attachments: # <u>1</u> Conditional Transfer Order)(rwc) (Entered: 12/18/2006) |
| 12/18/2006 | <u>19</u> | [1:06-cv-673-***]: Please note that, in accordance with the attached standing order, this case has been designated as one to be assigned to the judge who fills the vacancy left by the elevation of Judge Kent A. Jordan to the United States Court of Appeals for the Third Circuit. Pending assignment, the case has been referred to Magistrate Judge Mary Pat Thynge for all pretrial proceedings, pursuant to 28 U.S.C. section 636(b). Please include ***, in place of the Judge's initials, after the case number on all documents filed. (rwc) (Entered: 12/18/2006) |
| 01/03/2007 | <u>20</u> | Letter to Chief Judge Robinson from Chairman, USA Judicial Panel on Multi-District Litigation, dated 12/26/06, regarding Opposition to Conditional Transfer of Civil Action. (rwc) (Entered: 03/28/2007) |
| 04/03/2007 | <u>21</u> | ADMINISTRATIVE ORDER NO. 11 re MDL 875: all cases on attached list to be marked CLOSED in the transferor court; all future pleadings shall be filed |

| | | with transferee court in accordance with this order. SEE ORDER FOR DETAILS (Signed 8/15/06 by Judge James T. Giles, ED/PA), ***Civil Case Terminated. (Attachments: # 1 Validation of Signature Form - Attchmt 1# 2 Notice to Counsel - Attchmt 2# 3 DE Transfer Log - Attchmt 3# 4 Transfer Order No 19 - Attchmt 4)(rwc) (Entered: 04/04/2007) |
| 04/24/2007 | 22 | ORDER - certified copy of Transfer Order filed by USA Judicial Panel on Multidistrict Litigation - transferring action to USDC/EDPA. Signed by Wm. Terrell Hodges - Chairman on 4/19/07. (rwc) (Entered: 04/24/2007) |
| 04/26/2007 | 23 | Letter to Clerk, USDC/DE from Clerk, USDC/EDPA dated 4/26/07 regarding administrative transfer of CA 06-673 , (see also 91MC126). (rwc) Modified on 4/27/2007 (rwc, ). (Entered: 04/27/2007) |
| 04/26/2007 | 24 | TRANSFER ORDER NO. 32 - Eastern District of Pennsylvania to initiate procedures for transfer of case from District of Delaware. (See DI# 21 in CA 06-673 for ADMINISTRATIVE ORDER NO. 11 and attachments re MDL 875. (Signed 4/25/07 by Judge James T. Giles, ED/PA). (Attachments: # 1 Attachment to Order)(rwc) (Entered: 04/27/2007) |
| 06/21/2007 | 25 | Letter to Clerk, USDC/DE from Clerk, USDC/EDPA dated 6/20/07 regarding attached MDL Transfer Order. (rwc) (Entered: 06/21/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/30/2008 14:21:59 | | |
| **PACER Login:** | ea0029 | **Client Code:** | NG |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-00673--MPT Start date: 1/1/1970 End date: 6/30/2008 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

UNREPORTED CASE



Slip Copy
Slip Copy, 2007 WL 1056774 (N.D.Cal.)
**(Cite as: 2007 WL 1056774 (N.D.Cal.))**

Page 1

**C**
Brewster v. A.W. Chesterton Co.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.Joseph BREWSTER and Cecile Brewster,
Plaintiffs,
v.
A.W. CHESTERTON COMPANY, et al., Defendants.
**No. C 07-01688 WHA.**

April 6, 2007.

Rohit Kodical, Dean Allan Hanley, Philip Allan Harley, Paul Hanley & Harley LLP, Berkeley, CA, for Plaintiffs.
Katherine Paige Gardiner, Charles Sheldon, Sedgwick Detert Moran & Arnold LLP, San Francisco, CA, for Defendants.

**ORDER GRANTING MOTION TO REMAND**

WILLIAM ALSUP, United States District Judge.

**INTRODUCTION**

*1 In this asbestos-injury action, plaintiffs Joseph Brewster and Cecile Brewster seek remand to state court. Because this order finds federal subject-matter jurisdiction lacking, plaintiffs' motion to remand is **GRANTED.**

**STATEMENT**

The complaint herein asserts asbestos-related injury claims by plaintiff Joseph Brewer and a loss of consortium claim by his wife, Cecile Brewster. Defendants are companies that manufactured products containing asbestos during the relevant period. Mr. Brewster alleges that he was injured as a result of his work around asbestos during his service as a machinist mate in the U.S. Navy from 1965 to 1971, and from his work at PG & E and AGCHEM from 1971 to 1983. In the complaint, plaintiffs ex-

plicitly excluded any claims against defendant GE arising from asbestos exposure from equipment GE supplied to the United States military (Notice of Removal Exh. A).

This action was originally filed on September 22, 2006, in California Superior Court. Defendant General Electric Company filed an answer to the complaint on November 13, 2006. Mr. Brewster is dying of mesothelioma, a form of cancer associated with exposure to asbestos. A declaration submitted by his doctor in November 2006 stated that he was not expected to live another six months. Because of his condition, in December 2006 the state court granted the case trial-setting preference. The trial was originally supposed to begin on April 2, 2007. It was recently continued to April 23, 2007 (Healy Decl. Exhs. A, G; Nov. 14 Ghosh Decl).

GE removed this case to federal court on March 23, 2007. Plaintiffs immediately filed the instant motion for a remand to state court, along with a motion to be heard on shortened time. GE has filed a motion for a stay pending a decision on transfer to the Judicial Panel on Multidistrict Litigation. This Court granted plaintiffs' request to hear the motion to remand on shortened time and held a hearing on April 3, 2007.

**ANALYSIS**

There is a "strong presumption against removal jurisdiction" and "the defendant always has the burden of establishing that removal is proper."*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (internal quotations omitted). GE contends that this Court has federal question jurisdiction under the federal-officer defense. For the reasons stated below, GE's arguments lack merit.

Several independent factors animate this holding. *First,* the defense upon which GE purportedly bases its removal would never have any effect on the case at bar. The federal-officer defense is simply being

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 1056774 (N.D.Cal.)
**(Cite as: 2007 WL 1056774 (N.D.Cal.))**

Page 2

used as a delay tactic. It lacks even *potential* value to GE. *Second,* Mr. Brewster is suffering from a debilitating disease and is not expected to live much longer. It serves the interests of justice to give Mr. Brewster his day in court.

## 1. REMOVAL PROCEDURE.

The parties agree that this case was not removable on the face of the complaint. Thus, the parties agree that the following provision of 28 U.S.C. 1446(b) applies: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." The parties also agree that interrogatory responses and other discovery documents can constitute an "other paper" for Section 1446(b) purposes. This is an appropriate construction of the statute. *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir.1992) ("Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case is such an 'other paper.' "); *Lee v. Altamil Corp.,* 457 F.Supp. 979, 981 (M.D.Fla.1978) ("It is well settled that discovery documents may be 'other papers' within the meaning of 28 U.S.C. 1446(b)."). There is some dispute regarding which interrogatory responses might have put GE on notice that the federal-officer defense might have been available. This would bear on the timeliness of the removal. Plaintiffs contend that GE was put on notice by plaintiff's interrogatory answers in September 2006. GE contends that it was put on notice by co-defendant Dowman Products' interrogatory answers in March 2007. This order assumes without deciding that GE was not on notice of potential removability until March 2007, making its attempt at removal timely.

## 2. FEDERAL-OFFICER DEFENSE.

*2 The provision under which GE asserts federal jurisdiction is the Federal Officer Removal Statute, 28 U.S.C. 1442(a)(1), which provides:

A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Courts have recognized that "[a] moving party satisfies the statute if the party: (1) demonstrates that it acted under the direction of a federal officer, (2) raises a federal defense to the plaintiffs' claims, and (3) demonstrates a causal nexus between the plaintiffs' claims and the acts of the party performed under color of federal office."*Madden v. Abel Supply Co.,* 205 F.Supp.2d 695, 699 (S.D.Tex.2002) (citing *Mesa v. California,* 489 U.S. 121, 124-25, 134-35, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989))."If the moving party satisfies these requirements, that party gains access to a federal forum even if the plaintiff's complaint fails to raise a federal question."*Ibid.* This order does not address the first and third prongs of the test. GE fails to prove the second requirement and has therefore failed to overcome the presumption against removal.

With respect to the issue of a federal defense, the Supreme Court has held that Section 1442(a)(1) covers "all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law."*Mesa,* 395 U.S. at 406-07. Whether a defendant will ultimately prevail on the defense is irrelevant. *See Madden,* 205 F.Supp.2d at 701. This order holds that GE has not proved that it

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                    Page 3
Slip Copy, 2007 WL 1056774 (N.D.Cal.)
**(Cite as: 2007 WL 1056774 (N.D.Cal.))**

has a "colorable" defense.

GE believes it can assert the federal-officer defense solely based on an interrogatory response by a co-defendant. On March 15, 2007, co-defendant Dowman Products responded to a GE interrogatory question by stating: "Dowman contends that plaintiff was exposed to asbestos from General Electric Company's marine turbines while serving in the U.S. Navy, and such exposure was a substantial factor in causing his disease." GE now contends that it must "defend" against Dowman's "claim" that the marine turbines were the cause of Mr. Brewster's injury. There are several independent reasons that GE's argument is flawed.

*First,* it is true that had plaintiffs sought to recover for any injury caused by marine turbines manufactured by GE at the Navy's direction, the applicability of the defense would be plausible. In such a situation, GE could assert the defense that it built the marine turbines at the Navy's direction and therefore, that GE should not be liable. That is not the case at bar. Plaintiffs have waived expressly long ago any liability claim based on any exposure to a GE marine turbine. GE, therefore, does not assert the federal-officer defense because of any claim made by plaintiffs. Rather GE contends it is a "defense" to Dowman's attempt to allocate fault to GE under California's Proposition 51. At the hearing, GE cited *Mortgage Electronic Registration Systems, Inc. v. Rothman,* 2005 U.S. Dist. LEXIS 12270, at *16 (N.D.Ill. Feb. 28, 2005), for the proposition that a cross-defendant can remove to federal court under Section 1442. There, the district court held that "[r]emoval under § 1442 can be based on claims brought against the United States (or an agency or officer) as a third-party defendant." The issue here is whether GE, as an alleged agent of the Navy, can be considered a "third-party defendant" to Dowman's "claim."

*3 In this case, it is a stretch to say that GE would be asserting a defense to a "claim"-even one raised by a co-defendant. Proposition 51 merely established a system of comparative fault in tort actions brought in California. *See* Cal. Civ.Code 1431.2; *see also DaFonte v. Up-Right, Inc.,* 2 Cal.4th 593, 7 Cal.Rptr.2d 238, 828 P.2d 140, 143-44 (Cal.1992). Under Proposition 51, "[e]ach defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." Cal. Civ.Code 1431.2(a).

The case law cited by defendants establishes nothing more than the fact that Proposition 51 puts a burden on party-defendants to establish that the actions of other parties were the legal causes of a plaintiff's injuries. *See, e.g., Sparks v. Owens-Illinois,* 32 Cal.App.4th 461, 478-79, 38 Cal.Rptr.2d 739 (1995) ("Owens-Illinois undisputedly had the burden to establish concurrent or alternate causes by proving: that Sparks was exposed to defective asbestos-containing products of other companies; that the defective designs of the other companies' products were legal causes of the plaintiffs' injuries; and the percentage of legal cause attributable to the other companies."). Nothing cited by GE establishes that co-defendants-seeking to allocate liability to each other rather than themselves-are, under Proposition 51, automatically aligned as cross-claimants and cross-defendants. The mere fact that a party bears a burden does not necessarily mean that such burden is a "claim" against which a co-defendant "defends." It remains plaintiffs' burden to show that any injury flowed as a result of the non-exempt property. There is no "claim" by any other party.

GE asks this Court to interpret California tort law to find that GE is a cross-defendant who can assert the federal-officer defense in response. It would, however, be inappropriate to so hold where GE bears a heavy burden to demonstrate the appropriateness of removal and where GE has failed to cite relevant authority for this key proposition.

*Second,* plaintiffs are not seeking any damages for injury caused by the turbines for which GE seeks to invoke the federal-officer defense. In their com-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 1056774 (N.D.Cal.)
**(Cite as: 2007 WL 1056774 (N.D.Cal.))**

Page 4

plaint, the Brewsters explicitly excluded any liability based on GE's supply of equipment to the U.S. Navy. GE and the plaintiffs negotiated this exemption *before* the complaint was ever filed. The exemption means that GE has no liability from any injury flowing from any products manufactured by GE and supplied to the Navy. GE will never have to pay for any injury caused by those exempt products. This has been true since September 2006. It remains true now. Again, plaintiffs' counsel concedes that they have the burden to prove damages flowing from items *other than* GE's marine tur- bines.

The essence of GE's argument is that if Dowman (or any other defendant) "can introduce evidence and convince a jury that 10% of the fault for Mr. Brewster's asbestos-related injury should be allocated to the GE marine turbines, that is a 10% share that cannot be allocated to them-and such evidence will then increase by 10% GE's share of liability for the non-economic damages" (Opp.11). GE's contention that it has a "colorable" defense to a claim by Dowman is specious at best. In fact, GE would be wise *not* to defend against a claim by any other defendant that GE's marine turbines caused any part of Mr. Brewster's injury. If Dowman *can* prove that Mr. Brewster's injuries were caused by GE's marine turbines, this would be a boon to GE because as plaintiffs' counsel unequivocally concedes, plaintiffs *do not seek to recover based on injuries caused by the marine turbines GE manufactured for the U.S. Navy.*The federal-officer defense-or any defense GE could raise with respect to the exempt products-should never be invoked because it is better for all defendants-GE included-to allocate as much liability as possible to the exempt products on which plaintiffs cannot recover.[FN1]

> FN1. There have been other asbestos actions wherein the defendants asserted the federal-officer defense for the construction of turbines at the direction of the Navy. *See, e.g., Madden,* 205 F.Supp.2d at 699;*Pack v. AC and S, Inc.,* 838 F.Supp.

1099, 1102 (D.Md.1993). In those decisions, the essential products-as far as those holdings reveal-were turbines manufactured at the Navy's request. Here, injury caused by any turbines GE manufactured for the Navy is exempt as a potential basis for liability. By purportedly asserting a federal-officer defense to its manufacture of marine turbines, GE seeks to divert attention from those products which are actually at issue in the case-all turbines and other equipment *not* supplied under contract with the United States government.

## 3. INTERESTS OF JUSTICE.

**\*4** Without regard to the absurdity of asserting the federal-officer defense, GE removed this action and almost immediately sought a stay of proceedings. The undersigned will not abide such abuse of the removal process. GE did this with full knowledge that a stay of almost any length would eviscerate Mr. Brewster's chance at having his day before a jury. This, in turn, would have severely decreased any potential award for Mrs. Brewster were her husband to pass away before the trial. California Code of Civil Procedure Section 377.34, California's survivorship statute, allows for punitive damages but *specifically excludes damages for a decedent's pain and sufering.*While he is alive, Mr. Brewster deserves any recovery he is entitled to for the pain and suffering he endured because of defendants' products. The state court has given his trial a preference date in light of his life expectancy. Remand to the state court ready to try plaintiffs' case within the month serves the interests of justice.FN2

> FN2. For one perspective on this and similar tactics by asbestos-defense lawyers, see *Fair Play for Navy Veterans,* at http:// www.mesothel.com/legislation/navy_vets_ fair_play.htm ("Navy vets who pursue civil claims are confronted by loopholes in the law that allow shrewd asbestos defense lawyers to either harmfully delay the pro-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

secution of a claim (called 'federal officer' removal to federal court), or delay the claim altogether (called the 'MDL Black Hole').").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is **GRANTED.**GE has not demonstrated that this Court has subject-matter jurisdiction over this action. This action is immediately **REMANDED** to the Superior Court of California for the County of San Francisco. In light of this ruling, the pending motion to stay is **RENDERED MOOT.**

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Brewster v. A.W. Chesterton Co.
Slip Copy, 2007 WL 1056774 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.