# ELZUFON AUSTIN REARDON
## TARLOV & MONDELL, P.A.

JOHN A. ELZUFON
JEFFREY M. AUSTIN
MARK L. REARDON
EDWARD A. TARLOV
SCOTT R. MONDELL
H. GARRETT BAKER
ROBERT H. RICHTER
COLLEEN D. SHIELDS
JOEL M. DONER
ROGER L. TRUEMPER
SCOTT A. SIMPSON

CHRISTIAN G. MCGARRY
MATTHEW P. DONELSON
----------------------------------
BARBARA SNAPP DANBERG
GARY W. ALDERSON
ANDREA C. RODGERS
DEBORAH J. GALONSKY
PENELOPE B. O'CONNELL
KRISTA REALE SAMIS
ANDREW J. CARMINE
PETER S. MURPHY

ATTORNEYS & COUNSELORS AT LAW
300 DELAWARE AVENUE
SUITE 1700, P.O. BOX 1630
WILMINGTON, DELAWARE, 19899-1630
PHONE: 302.428.3181
FACSIMILE: 302.428.3180
INTERNET: WWW.ELZUFON.COM
WRITERS E-MAIL: POCONNELL@ELZUFON.COM

SENIOR COUNSEL:
FRANCIS J. TRZUSKOWSKI
JAMES F. KIPP

September 3, 2008

**VIA E-FILING AND HAND DELIVERY**
The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324
Lockbox 19
Wilmington, DE 19801

      Re:   *Frederick Seitz and Mary Louise Seitz v. Adel Wiggins Group, et al.*
             U.S. District Court for the District of Delaware, Case No. 08-CV-0353 GMS

Dear Judge Sleet:

      We, along with DLA Piper LLP (US), represent Northrop Grumman Corporation ("Northrop Grumman") in the above-captioned case and submit this letter opposing Plaintiffs' request for an expedited ruling on Plaintiffs' Motion to Remand.

      Regardless of the extension granted by the Judicial Panel on Multidistrict Litigation ("MDL Panel") for Plaintiffs to file its Motion to Vacate the Conditional Transfer Order, this Court has the authority to permit the transfer of cases in which motions to remand are pending. Moreover, once transferred, the MDL Panel can and often does resolve motions to remand. Indeed, courts have recognized that motions to remand *should* be decided by the MDL court in order to avoid inconsistent results in similarly situated cases. Plaintiffs have not identified any reason why the Eastern District of Pennsylvania is not capable of deciding the jurisdictional issues presented in the pending motion to remand. To the contrary, the MDL judge is certain to be very knowledgeable on issues relating to asbestos exposure and the range of jurisdictional issues raised by Plaintiffs.

      Although Northrop Grumman is sympathetic to Mr. Seitz's condition, the hallmark of this litigation to date has been for plaintiffs to delay filings and seek extensions of time, followed

The Honorable Gregory M. Sleet
*Seitz v. Adel Wiggins Group, et al.*
September 3, 2008
Page 2

in close order by plaintiff asking a Court that does not have the obligation to do so to interrupt its docket, deny defendant's right to fully prepare a response, and expedite a ruling.

In an attempt to persuade your Honor to expedite this matter, Plaintiffs cite Mr. Seitz's illness as reason to remand the case to state court. Mr. Seitz was diagnosed with mesothelioma in March 2008, at which point doctors informed him that he had approximately six months to live. While Plaintiffs now rely on Mr. Seitz's illness as reason for remand, they have been less than efficient in the filing of their pleadings in this matter. Northrop Grumman filed its notice of removal on June 12, 2008, and sought transfer of the case to the MDL at that time. Plaintiffs waited seven weeks to file their Motion to Remand. It has been approximately six months since Mr. Seitz was diagnosed with mesothelioma. Remanding the case to state court at this point will not expedite matters sufficiently. Indeed, when this case was still venued in state court, it was scheduled for a September 23, 2009, trial – over one year from now.

Finally, Mr. Seitz's illness is not reason to avoid transfer of this case to the MDL. Numerous cases currently in MDL-875 involve plaintiffs who suffer from mesothelioma and other fatal illnesses allegedly resulting from asbestos exposure. Plaintiff's illness is not reason for Northrop Grumman to be stripped of its legal rights in this matter – to be fully heard on its opposition to Plaintiffs' motion to remand and, if proper, to have this case transferred to the MDL.

Based on the above, Northrop Grumman Corporation respectfully requests that this Court deny Plaintiffs' request for an expedited ruling and allow Northrop Grumman the opportunity for oral argument in this matter or the matter to be transferred to the MDL for further rulings.

Very truly yours,

PENELOPE B. O'CONNELL

cc: All Counsel of Record (Via E-file and U.S. Mail)
Nancy Shane Rappaport, Esquire